

ENTERED
05/29/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CURTIS COLE | § | CASE NO: 18-35182 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

The Internal Revenue Service filed a proof of claim in Curtis Cole's chapter 13 bankruptcy case, asserting a right to repayment of $179,781.56. Mr. Cole objected to the IRS's proof of claim based on an Offer in Compromise (the "OIC") previously entered into by both parties. Mr. Cole argues that the IRS's proof of claim is a violation of the OIC and seeks a determination of his liability for the IRS's claim. The IRS argues that the OIC is void, because Mr. Cole failed to timely pay his 2017 federal income taxes in violation of the terms of the OIC and is now liable for the full, pre-petition amount owed to the IRS.

At a hearing on Mr. Cole's objection, he argued that (i) he had not breached the OIC pursuant to an extension received from the IRS, and (ii) the IRS failed to comply with its own guidelines, precluding an OIC default. The IRS counters that compliance with its guidelines is not required because they are not legally binding authority and confer no rights on taxpayers, such as Mr. Cole.

For the reasons set forth below, Mr. Cole's objection is denied.

### Background[1]

Curtis Cole and the Internal Revenue Service entered into an Offer in Compromise prior to Mr. Cole's bankruptcy filing to settle claims for the tax years 2003 through 2014.[2] The OIC

---

[1] The following background section is intended to provide context and does not constitute findings of fact by the Court.

required Mr. Cole to comply with the following: (i) pay $1,000.00 to the IRS within five months of the IRS's acceptance; (ii) timely file all tax returns for a five-year period, beginning on the date of acceptance of the offer, and (iii) timely pay all taxes for that same five-year period. (ECF No. 68 at 2; *see* ECF No. 69-1). Neither party contests that Mr. Cole met the first and second requirements of the OIC. The fulfillment of the "timely payment" requirement is at issue in this case.

Mr. Cole timely filed and paid his 2016 federal income taxes on April 15, 2017. (ECF No. 69 at 2). His 2017 federal income taxes were due on April 15, 2018; however, he requested and obtained an extension for his 2017 federal income taxes. (ECF No. 69 at 2). The parties' disagreement stems from the scope of Mr. Cole's extension. Relying on the extension received, Mr. Cole filed his return and paid his 2017 taxes on October 15, 2018. (ECF No. 69 at 2).

On September 15, 2018, Mr. Cole filed chapter 13 bankruptcy. (*See* ECF No. 1). On October 29, 2018, the IRS filed Proof of Claim No. 10, asserting a right to repayment of $179,781.56. (ECF No. 68 at 2). In its claim, the IRS asserted that $1,390.71 of the total amount was entitled to priority treatment pursuant to 11 U.S.C. § 508(a)(8). Of the priority portion, $1,357.00 is attributable to Mr. Cole's allegedly unpaid 2017 income tax liability. (ECF No. 68 at 2).

On December 15, 2018, Mr. Cole filed an objection to the IRS's claim. (*See* ECF No. 41). Mr. Cole indicated that the IRS's claim did not comply with the terms of the OIC and asked the Court to determine the correct amount of the IRS's claim. (ECF No. 41 at 1–2). On January 23, 2019, the court held an initial hearing on Mr. Cole's objection. (*See* ECF No. 58). At the

---

[2] The parties disagree on the date on which Mr. Cole signed the OIC. Mr. Cole indicates that "[o]n or about January 11, 2016, he submitted . . . an 'Offer to Compromise' . . . to the IRS with respect to amounts owed for the 2003 through 2014 tax years." (ECF No. 69 at 1). The IRS notes that Mr. Cole dates his signature "January 11, 2016" but that the top of the document has a stamp with a January 5, 2017 date. (ECF No. 68 at 1). In any event, the IRS argues that only the date on which it signed the OIC is important. (ECF No. 68 at 1).

hearing, the Court requested: (i) copies of the OIC, (ii) copies of payment records, and (ii) briefing as to performance under the OIC. (January 23, 2019 Hearing at 9:31 a.m.).

*Initial Briefing*

The IRS argues that Mr. Cole violated the terms of the OIC by failing to timely pay his 2017 income taxes and is therefore liable for the full amount of the tax liability. (ECF No. 68 at 3). The IRS indicates that "[r]egardless of whether Mr. Cole requested an extension to *file* his 2017 return, the deadline for Mr. Cole to *pay* his 2017 federal income taxes was April 15, 2018." (ECF No. 68 at 5). In other words, Mr. Cole was still obliged to pay his 2017 taxes by April 15, 2018.

Mr. Cole argues that the IRS is not entitled to collect the amount requested in its proof of claim, because it is a violation of the OIC. (*See* ECF No. 69). Mr. Cole maintains that he requested and received an extension to file *and* pay his 2017 taxes at a later date. (ECF No. 69 at 2). Thus, he remains in compliance with the terms of the OIC. In any event, he argues that even if his later payment was a breach of the OIC, the breach is immaterial.[3] (ECF No. 73 at 3 (asserting Mr. Cole "made the natural, though incorrect assumption that the time to pay his taxes had also been extended until October 15, 2018.")). Finally, Mr. Cole argues that he was prejudiced by the IRS's failure to comply with its own guidelines in that it did not allow him an opportunity to cure. (ECF No. 73 at 3). Mr. Cole asserts that the IRS's Internal Revenue Manual (the "IRM") provides that upon a taxpayer's failure to comply, it must attempt to secure compliance before defaulting the OIC. (EFC No. 73 at 3). Mr. Cole maintains he did not receive any notice upon his alleged default. (ECF No. 73 at 3).

On March 19, 2019, the Court held a second hearing on Mr. Cole's objection. (*See* ECF No. 75). At the hearing, the Court addressed the issue of notice under the IRM. (March 19,

---

[3] The IRS's loss as a consequence of Mr. Cole's breach is "only about $30." (ECF No. 73 at 2).

2019 Hearing at 9:26 a.m.). The IRS made no representations as to whether it had or had not sent Mr. Cole notice of default but argued that it could not have known of the default under the OIC, triggering the alleged required notice, unless and until Mr. Cole filed his 2017 tax return. (March 19, 2019 Hearing at 9:27 a.m.). Thus, placing the burden of knowledge on the IRS is inequitable. The Court requested that the IRS provide information on whether it sent any pre-petition notices of default to Mr. Cole regarding his failure to comply with the OIC. (ECF No. 79 at 2). The Court further required Mr. Cole to file the applicable IRS guidelines that he claims require a notice of default to a defaulting taxpayer. (March 19, 2019 Hearing at 9:29 a.m.).

*Subsequent Briefing*

In his subsequent briefing, Mr. Cole maintains that he remains in full compliance with the terms of the OIC. He claims, however, that even assuming he failed to strictly comply with the terms of the OIC, the Internal Revenue Manual provides that OICs are "finally defaulted after the taxpayer has had the opportunity to cure the 'potential default.'" (ECF No. 78 at 1). According to Mr. Cole, the IRM requires that the IRS send a defaulting taxpayer a "potential default letter" with a set time frame for compliance. "Only after the IRS has sent the 'potential default' letter and the taxpayer remains out of compliance, does the IRS proceed to its procedures in IRM 5.19.7.2.20 for processing defaulted OICs." (ECF No. 78 at 2). The time frame for compliance in the potential default letter is 15 days. (ECF No. 78 at 2 (citing IRM 5.19.7.2.20.4)). Furthermore, "[e]ven if a taxpayer fails to come back into compliance with the OIC terms within the time period stated in the 'potential default' letter, the taxpayer still has the opportunity to come back into compliance before the IRS actually defaults the OIC." (ECF No. 78 at 2). The IRS's own guidelines encourage leniency toward a defaulting taxpayer.

Mr. Cole further notes that the IRS does not treat late payment of taxes with a timely filed return as a default. (ECF No. 78 at 3). Thus, Mr. Cole purports that he was in compliance with the OIC so long as he requested and received an extension to *file* his 2017 federal income taxes. (ECF No. 78 at 4). Mr. Cole highlights that the OIC includes in its terms "any extensions to file and pay" as evidence that he fully complied with its terms. (ECF No. 78 at 4). He argues that "[g]iven the IRS's general policy of attempting to secure compliance before defaulting an OIC, it is unlikely that the IRS" would treat "so harshly" a minor violation where a taxpayer has failed to pay a tax obligation during a time in which they were granted an extension and further voluntarily pays "without any prompting." (ECF No. 78 at 5). In essence, Mr. Cole argues that whatever harm occurred, if any, has been cured and cannot serve as a basis to default the OIC. Finally, Mr. Cole argues that the IRS's failure to send a notice of default is discriminatory and a violation of 11 U.S.C. § 525, because it fails to treat him like it would any other taxpayer who would have presumably received a notice prior to default in accordance with the IRM. (ECF No. 78 at 5).

The IRS admits that it did not send a notice of default to Mr. Cole before the petition date pursuant to the IRS's internal guidance. (ECF No. 79 at 1). However, the IRS characterizes its failure as irrelevant under the OIC. (ECF No. 79 at 1). The IRS counters that the IRM is "a mere internal guidance—it is not legal authority and it does [not] confer any rights on taxpayers." (ECF No. 79 at 2 (citing *Ghandour v. United States*, 37 Fed. Cl. 121, 126 N. 14 (1997))). Although the IRM sets out guidelines for the IRS, it is not the law and "is not the basis to modify or add to the plain terms of offers in compromise." (ECF No. 79 at 4). Thus, regardless of the IRS's failure to notify Mr. Cole of his default, Mr. Cole defaulted under the terms of the OIC, making the contract void and reinstating his previous liability in full.

**Jurisdiction**

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and (B), and (O). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

**Analysis**

Section 7122 of the Internal Revenue Code provides the exclusive method by which taxes may be compromised. 26 U.S.C. § 7122(a). One of those ways is through an Offer in Compromise. § 7122(c). The Code, however, does not provide guidance on how to enter into an OIC or what occurs once the IRS has entered into an OIC with a taxpayer. Those procedures are found in the IRM. *See* IRM 5.19.7.

The IRM provides the language to be included in OICs between the IRS and taxpayers: "Taxpayers agree, as a term of the offer, to timely file tax returns and timely pay taxes for the five-year period beginning with the date of acceptance of th[e] offer and ending through the fifth year, failure to do so is a breach of contract." IRM 5.19.7.2.19.4. The same language, with some variance, is found in Mr. Cole's OIC with the IRS:

> I will comply with all provisions of the internal revenue laws, including requirements to timely file tax returns and timely pay taxes for the five-year period beginning with the date of acceptance of this offer and ending through the fifth year, including any extensions to file and pay. . . ."

(ECF No. 69-1 at 5).

Neither party contests that, regardless of whether there was a breach, the OIC's five-year compliance obligations have not yet been fulfilled. In other words, "five years from the date of acceptance" have not passed. (*See* ECF No. 69-1).

The IRS is entitled to file a proof of claim in Mr. Cole's case. The parties, however, contest the amount of the IRS's claim. Mr. Cole argues that the IRS's claim should only be for

the amount provided under the OIC, given his continual compliance with its terms. (ECF No. 69 at 2). The IRS counters that they are entitled to file a claim in the original amount given that the OIC is no longer operative as a result of Mr. Cole's default in failing to timely pay his 2017 taxes. (ECF No. 68 at 1). The following language in the OIC addresses the issue:

> I agree that I remain liable for the full amount of the tax liability, accrued penalties and interest, until I have met all of the terms and conditions of this offer. Penalty and interest will continue to accrue until all payment terms of the offer have been met. If I file for bankruptcy before the terms and conditions of the offer are met. I agree that the IRS may file a claim for the full amount of the tax liability, accrued penalties and interests, and that any claim the IRS files in the bankruptcy proceeding will be tax claim.

(ECF No. 69-1 at 5).

Mr. Cole cites *In re Mead* for the proposition that "[i]f a debtor is not in default of an OIC, the amount of the IRS's claim is the amount owed under the compromise, not the original pre-compromise amount." No. 12-01222-8-JRL, 2013 WL 64758, at *4 (Bankr. E.D. N.C. Jan. 4, 2013). The court in *Mead* addressed the issue of whether the IRS's "filing of a proof of claim for the original amount of tax liability rather than the prepetition compromise amount violate[d] the anti-discrimination provision of 11 U.S.C. § 525(a)." *Id*. at *1. In holding that it did, the court analyzed language in an offer in compromise similar to the language reflected above. *Id*. at *4. The court noted that the term "tax claim" was ambiguous and could be interpreted as signifying the pre-petition amount, rather than the original amount owed. *Id*. It held that in filing a proof of claim in the original amount, the IRS (i) disregarded the OIC and (ii) attempted "to collect the entire amount simply because a taxpayer was now a debtor in a bankruptcy proceeding" in violation of § 525. *Id*. Not only does the Court decline to adopt *Mead* for the reasons set forth below, it is distinguishable. Here, unlike in *Mead*, there remains a question of whether there was a breach of the OIC.

7 / 9

Under the language of the OIC, Mr. Cole remains liable for the full amount until its terms and conditions have been met. (*See* ECF No. 69-1). The last two terms of the OIC require Mr. Cole to timely file his return and pay his taxes for five years, beginning on the date of acceptance. (ECF No. 68 at 2; *see* ECF No. 69-1). The IRS signed the OIC on January 20, 2017. (ECF No. 69-1 at 6). The earliest date on which Mr. Cole could complete the OIC is the year 2022—five years from the date of acceptance.[4] In light of Mr. Cole's continuing obligations under the terms of the OIC, the IRS was entitled to file a claim in the original amount owed. (ECF No. 69-1 at 5).

If the IRS failed to file a proof of claim for the full amount, then the IRS would not be able to collect the full amount of the taxes from the estate following a default. The law compels the IRS to seek the full amount.

The hard-fought issue between the parties is misplaced. If Mr. Cole was in default, then the IRS appropriately filed its claim for the full amount of the taxes. Importantly, if Mr. Cole was NOT in default, the IRS still filed the appropriate claim because it is unknown whether there will be a future default.

The true issue is how to treat the IRS's claim. Those answers are likely found in § 1322 of the Bankruptcy Code. The Court expresses no view at this time on the proper treatment of either a defaulted or a non-defaulted Offer in Compromise under a Chapter 13 plan. Those issues are the meat of the dispute between the parties.

---

[4] As mentioned earlier, the date on which Mr. Cole signed the OIC is in question. (*See* ECF No. 68). However, even if Mr. Cole's signature was the operative signature, the earliest date on which the five-year compliance provisions would terminate is the year 2021. (ECF No. 68 at 1 (noting that Mr. Cole dates his signature "January 11, 2016" but that the top of the document has a stamp with a January 5, 2017 date.)).

Mr. Cole must propose a plan.  11 U.S.C. § 1321.  That plan must treat the claims against Mr. Cole.  11 U.S.C. § 1322.  After Mr. Cole proposes to treat the IRS's claim, the IRS may object to the treatment.  11 U.S.C. § 1324(a).  Only then will the issue be joined.

Mr. Cole's objection to the IRS's proof of claim is denied.

Mr. Cole may propose treatment of the OIC under the terms of his plan of reorganization in accordance with 11 U.S.C. § 1322.

### Conclusion

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED **May 29, 2019.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE