

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/20/2020

| | | |
|---|---|---|
| IN RE: | § | |
| **CURTIS  COLE** | § | **CASE NO: 18-35182** |
| Debtor(s) | § | |
| | § | **CHAPTER  13** |

## MEMORANDUM OPINION

Baker & Associates seeks Court approval of $40,670.84 in attorney's fees and expenses stemming from Curtis Cole's chapter 13 bankruptcy case.  Mr. Cole's chapter 13 case was a year-long case that ended in dismissal in light of Mr. Cole's failure to make payments, and failure to confirm a plan.

For the reasons set forth below, the Court awards Baker & Associates fees and expenses of $32,608.84.

## Background[1]

On September 15, 2018, Curtis Cole filed a chapter 13 bankruptcy petition along with a proposed plan with the assistance of the Baker & Associates law firm.  (*See* ECF Nos. 1–2).  On September 18, 2018, Baker & Associates filed a statement pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), which embodied Mr. Cole's agreement to compensate Baker & Associates for its work on his case.  (*See* ECF No. 8).  The statement disclosed that Baker & Associates had received $800.00 prior to the filing of the agreement with the Court.  (ECF No. 8 at 2).

At the time of his bankruptcy filing, Mr. Cole had been employed with Umana Trucking, LLC as a truck driver for approximately eight months.  (*See* ECF No. 1 at 35–37 (listing a monthly

---

[1] A substantial portion of this background section was written in reliance on the parties' briefing.  It is included solely for background.  The statements in this background section do not constitute findings by the Court.

income of $6,904.40 from his employment with the company)).  For the work Mr. Cole did with Umana Trucking prior to filing bankruptcy, he used a commercial truck.  On October 4, 2018, Mr. Cole initiated an adversary proceeding against OTR Leasing, LLC, asserting claims for violation of the stay, contempt, and conversion based on OTR's alleged repossession of Mr. Cole's commercial truck.  (Case No. 18-03284; *see* ECF No. 1).  In Mr. Cole's Complaint, Baker & Associates lists several notices and inquiries to OTR for the return of the truck.  (ECF No. 130-3 at 1 ("After the case was filed, counsel contacted the creditor for the truck to have the truck returned.  The creditor refused to return the truck.")).  The dispute revolved around whether the commercial truck had been leased or purchased by Mr. Cole—with OTR arguing that the truck had been leased and Mr. Cole opposing OTR's assertion, claiming the truck had been purchased. (Case No. 18-03284; ECF Nos. 1; 4; 7).  The initial hearing was scheduled for October 10, 2018 but was reset to October 16, 2018 in light of Mr. Cole's inability to appear at the initial hearing. On October 16, 2018, the Court[2] denied Mr. Cole's emergency motion for return of the truck. (Case No. 18-03248; *see* ECF No. 1).  Subsequently, on December 7, 2018, Mr. Cole and OTR entered into a joint stipulation to dismiss Mr. Cole's complaint against OTR, which had the effect of closing the adversary proceeding.  (Case No. 18-03248; *see* ECF No. 18); (*see also* ECF No. 130-3 at 1 ("After further review, the Debtor elected not to pursue the return of the truck.")).

On October 1, 2018—a few days before Mr. Cole initiated the adversary proceeding against OTR Leasing—Select Portfolio Servicing, Inc. filed an objection to confirmation in the main case. (*See* ECF No. 12).  Select Portfolio Servicing based its objection on its alleged perfected security interest in certain real property, arguing that Mr. Cole's proposed plan was deficient because it failed to provide Select Portfolio Servicing with a payment covering the full of amount of its

---

[2] At the time of Mr. Cole's emergency motion, the adversary proceeding was pending before Bankruptcy Judge Jeffrey Norman.

secured interest, which at the time reflected a $92,703.89 pre-petition arrearage.  (ECF No. 12 at 1–2).  Mr. Cole's proposed plan only purported to pay Select Portfolio approximately $90,000.00 of its secured claim.  (ECF No. 12 at 2).  In its Fee Application, Baker & Associates describes its work on Select Portfolio's objection as follows:

> The arrearage amount was low by approximately $2,000.00.  The Debtor had a very high arrearage amount on his home loan.  The high amount resulted in additional time for counsel to review and address alternatives to address the high amount.

(ECF No. 130-3 at 1).

On October 24, 2018, Harris County, *et al.* also filed an objection to confirmation.  (*See* ECF No. 26).  Similarly, Harris County claimed that Mr. Cole's proposed plan failed to comply with 11 U.S.C. § 1329(a) by failing to provide for its fully secured ad valorem tax claim of $10,327.19.  (ECF Nos. 26 at 1–2; 130-3 at 1 ("The past due amount on ad valorem taxes was not correct.")).

On October 31, 2018, Mr. Cole filed an amended plan and schedules.  (*See* ECF No. 27).  On November 6, 2018, both Mr. Cole and Baker & Associates[3] attended the Meeting of Creditors, which concluded the same day.  (ECF No. 130-3 at 1).  The Trustee did not recommend confirmation at the time of the meeting.  Subsequently, on November 20, 2019, the Chapter 13 Trustee filed a motion to dismiss the case.  (*See* ECF No. 30).  The Trustee's motion for dismissal was predicated on his claim that Mr. Cole had failed to amend Schedules B, I, and J for the purpose of disclosing personal injury claims and business income and expenses.  (ECF No. 30 at 1).  The Trustee further claimed that Mr. Cole failed to provide a tax appraisal for real property.  (ECF No. 30 at 1).  Baker & Associates asserts that it "worked with the debtor to obtain and provide the trustee the requested documents."  (ECF No. 130-3 at 1).

---

[3] There were approximately eleven different persons, both attorneys and paralegals, who worked on Mr. Cole's case, as reflected in the Fee Application.  (*See* ECF No. 130).

On November 27, 2018, Mr. Cole filed a motion for approval of appointment of counsel in a personal injury suit stemming from a pre-petition accident that occurred on February 16, 2015. (*See* ECF No. 31).  In its Fee Application, Baker & Associates claims it provided services in conjunction with Mr. Cole's personal injury cause of action despite its separate nature from Mr. Cole's bankruptcy case:

> The Debtor had a personal injury claim and lawsuit.  While counsel did not represent the debtor in the personal injury lawsuit, counsel had to address issues on exemption amounts, funds, and related matters on the personal injury lawsuit with the debtor and the attorney representing the debtor.

(ECF No. 130-3 at 1–2).  The appointment of counsel for this separate cause of action was later approved by this Court.  (*See* ECF No. 52).

On November 30, 2018, Select Portfolio Servicing, Inc. withdrew its objection to confirmation based on Mr. Cole's Amended Plan.  (*See* ECF No. 33).

On December 10, 2018, however, the Trustee filed an amended objection to confirmation, arguing that the Amended Plan was deficient and therefore should not be confirmed in light of the fact that: (i) the Amended Plan failed "the liquidation best interest test" under 11 U.S.C. § 1325(a)(4); (ii) Mr. Cole had "non-exempt equity totaling approximately $59,994.36"; (iii) the "equity in the non-exempt real property and personal property [was] greater than the amount provided to general unsecured creditors"; and (iv) the Amended Plan, therefore did not provide a 100% payout to "all allowed unsecured claims."  (ECF Nos. 36 at 1; *see* 130-1 at 1 (noting through its Fee Application that the "trustee did not believe that sufficient amounts were being paid to unsecured creditors")).  As an explanation for the real property referenced by the Trustee in his objection to confirmation, Baker & Associates, indicates that:

> The Debtor owned an interest in other property ([the] Wheeler [P]roperty) with another person.  The interest in the other property was based on an agreement with

the other owner.  The other property was transferred to the debtor for assistance he had provided to a person prior to her death.

Counsel reviewed the documents of the debtor regarding the other property owned by the debtor.  The debtor believed he and the other person owned the other property.

(ECF No. 130-3 at 1).

On December 12, 2018, Harris County, *et al.* also filed an amended objection to the Amended Plan.  (*See* ECF No. 37).  In its amended objection, Harris County argued that the proposed Amended Plan did not provide for the taxing authority's secured ad valorem tax claim of $11,418.06 in full.  (ECF No. 37 at 1).  Notably, the ad valorem tax amount claimed in its amended objection reflected a higher amount than the claim provided in Harris County's first objection to the original proposed plan.  (*See* ECF No. 26).

On December 15, 2018, Mr. Cole filed a Second Amended Plan along with Amended Schedules A/B, C, I, and J.  (*See* ECF Nos. 39; 40).  That same day, Mr. Cole also filed an objection to the Internal Revenue Service's ("IRS") proof of claim No. 10, relying on an Offer in Compromise, which Mr. Cole and the IRS entered into pre-petition and which Mr. Cole believed governed the parties' obligations as to the amount claimed by the IRS.  (*See* ECF No. 41).  Moreover, Mr. Cole also filed a response to the Trustee's motion to dismiss, requesting a hearing on the Trustee's motion.  (*See* ECF No. 42).

On December 17, 2018, the Court held a hearing on the Trustee's motion to dismiss.  (December 17, 2018 Hearing at 9:10 a.m.).  At the hearing, Baker & Associates requested to reset the dismissal hearing, pending this Court's hearing on Mr. Cole's objection to the IRS's proof of claim.  (December 17, 2018 Hearing at 9:11 a.m.).  Neither Harris County nor the Chapter 13 Trustee opposed resetting dismissal.  (December 17, 2018 Hearing at 9:11 a.m.).  Harris County, however, noted that Mr. Cole's Second Amended Plan, although now proposed full payment of its

ad valorem tax claim, required further amendment to reflect the appropriate interest rate on the taxing authority's claim. (December 17, 2018 Hearing at 9:13 a.m.). The Court reset the hearing on the Trustee's motion to dismiss for January 23, 2019—the same day the Court was scheduled to hear Mr. Cole's objection the IRS's claim—and further required that Mr. Cole amend his Second Amended Plan to include the appropriate interest rate owed to the taxing authority in line with the Bankruptcy Code. (December 17, 2018 Hearing at 9:13 a.m.). Prior to concluding the hearing, the Court noted that the reserves were not being used appropriately, and therefore also required that plan reserves be used to pay property taxes. (December 17, 2018 Hearing at 9:14 a.m.). Finally, the Court highlighted that the Second Amended Plan contained an error in reference to the forecasted legal fees to Baker & Associates. Specifically, under Mr. Cole's Second Amended Plan, the forecasted legal fees to be paid to Baker & Associates, which were notably high, were to be paid as taxes. (December 17, 2018 Hearing at 9:14 a.m.). Baker & Associates confirmed that such notation was an error and agreed to make the necessary changes.

On January 8, 2019, prior to the filing of any new amended plan, the Trustee filed an amended motion to dismiss on the basis that Mr. Cole had failed to make payments pursuant to 11 U.S.C. § 1326(a)(1). (*See* ECF No. 52). On January 16, 2019, the United States, on behalf of the IRS, filed a motion to stay Mr. Cole's objection to proof of claim No. 10 in light of the government shutdown occurring at the time. (*See* ECF No. 53). The motion to stay did not seek a definite time period, but rather asked the Court to halt litigation on Mr. Cole's objection indefinitely. (ECF No. 53 at 1). The Court denied the motion to stay on January 17, 2019 without prejudice, noting that any new motion necessitated a request for "a reasonable, but definite, period of time." (ECF No. 54 at 1).

*IRS Proof of Claim No. 10*

After Mr. Cole filed Chapter 13 bankruptcy, the Internal Revenue Service filed a proof of claim in Mr. Cole's case, asserting a right to repayment of $179,781.56.  Mr. Cole objected to the IRS's proof of claim based on an Offer in Compromise (the "OIC") previously entered into by both parties to settle claims for the tax years 2003 through 2014.  (ECF No. 84 at 1).  Mr. Cole argued that the IRS's proof of claim violated the OIC, and therefore asked the Court for a determination as to the correct amount owed to the IRS pursuant to the OIC.  (ECF No. 41 at 1–2).[4]

On January 23, 2019, the Court held a hearing on Mr. Cole's objection to the IRS's proof of claim.  At the conclusion of the hearing, the Court requested the following: (i) copies of the OIC, (ii) copies of payment records, and (ii) further briefing as to performance under the OIC.  (January 23, 2019 Hearing at 9:31 a.m.).  After both parties submitted additional briefing and the documents requested, the Court issued a Memorandum Opinion, denying Mr. Cole's objection to proof of claim No. 10.  (ECF No. 84 at 9).  The Court held that the proper procedure to determine the amount to which the IRS was entitled was not through an objection against the IRS's proof of claim, but rather through treatment of the IRS's claim against Mr. Cole under a proposed Chapter 13 plan.  (ECF No. 84 at 9).  Accordingly, only after Mr. Cole provided treatment of the IRS's claim under a proposed plan, could the IRS then object, if it so chose, to the proposed treatment of its claim under Mr. Cole's proposed plan.  (ECF No. 84 at 9).  The Court, however, expressed no view as to the proper treatment of either a defaulted or non-defaulted Offer in Compromise under a Chapter 13 Plan.  (ECF No. 84 at 8).

---

[4] The totality of the dispute is set forth in this Court's May 29, 2019 Memorandum Opinion.  (*See* ECF No. 84).

On June 17, 2019, the IRS filed an objection to confirmation in accordance with the Court's Memorandum Opinion and "the pending plan."  (*See* ECF Nos. 88; 130-3 at 2).

Baker & Associates indicates that it "met or conferred with the debtor on multiple occasions on the IRS matter."  (ECF No. 130-3 at 2).  In its Fee Application, Baker & Associates sets forth the following short summary of the work it provided on the dispute between Mr. Cole and the Internal Revenue Service:

     i.     Counsel reviewed and filed a brief on the issues involving [the] IRS claim.

     ii.     On February 28, 2019, the IRS filed a brief on the claim issues.

     iii.     On February 28, 2019, Counsel also filed the brief on the IRS issues.

     iv.     On April 9, 2019, a supplemental brief was filed by [the] IRS.

     v.     Counsel for the debtor also prepared and filed a supplemental brief.

     vi.     On July 18, 2019, Counsel prepared and filed an objection to claim for IRS and claims 1–6.

     vii.     After personal meetings with the Debtor, the Debtor elected to file a chapter 13 plan to pay the IRS in full, notwithstanding the objections to the claim of the IRS.

     viii.     The Debtor continued after the election to indicated that he owed nothing to the IRS even though he filed the plan to pay the IRS in full.

     ix.     The IRS agreed to allow confirmation of the proposed plan pending the sale of the additional property owned by the Debtor.

     x.     Counsel took extraordinary actions to address the IRS issue and other property issues.  Due to no fault of counsel, the debtor was unable to make payments due to his health issues.

     xi.     The issues involving the offer and compromise, payments to the IRS and the chapter 13 bankruptcy appear to have been unique and difficult issues. The IRS issues took substantial time.  Counsel believed that the results were very beneficial to the Debtor.

(ECF No. 130-3 at 2–3).

While the dispute between Mr. Cole and the IRS was pending, Mr. Cole filed a Third Amended Plan and an Amended Schedule E/F.  (*See* ECF Nos. 62–63).  On February 13, 2019, Harris County withdrew its objection to the Third Amended Plan given that it fully provided for the taxing authority's claim with the appropriate interest rate.  (*See* ECF No. 65).  The Court reset dismissal three times between January 23, 2019 and June 24, 2019.

*Confirmation/Dismissal Hearings Continued*

On June 24, 2019, Baker & Associates filed a notice notifying the Court that Mr. Cole's employer would be "closing within the next few months due to safety complaints."  (ECF No. 90 at 1).  The notice further provided that in light of its potential closure, Mr. Cole's employer recommended that Mr. Cole look for new employment.  (ECF No. 90 at 1).  Mr. Cole confirmed he would continue to work until his employer closed, or until he could find substitute employment.  (ECF No. 90 at 1).

On June 25, 2019, the Court held a hearing on the Trustee's motion to dismiss.  (June 25, 2019 Hearing at 9:11 a.m.).  At the hearing, the Court addressed the IRS's pending objection to Mr. Cole's Third Amended Plan.  (June 25, 2019 Hearing at 9:11 a.m.).  Baker & Associates explained that the proposed plan did not provide for full payment of the IRS's claim, because Mr. Cole continued to object to the amount claimed by the IRS in light of the OIC, which Mr. Cole believed governed the dispute, and under which the IRS had allegedly defaulted.  (June 25, 2019 Hearing at 9:12 a.m.).  In response to the Trustee's motion to dismiss, Baker & Associates represented that it would file an amendment to Mr. Cole's Third Amended Plan, which would reflect Mr. Cole's missed payments as set forth in the Trustee's objection to confirmation.  (June 25, 2019 Hearing at 9:14 a.m.).

On July 18, 2019, Mr. Cole filed a Fourth Amended Plan and Amended Schedules.  (*See* ECF Nos. 95–96).  That same day, Mr. Cole also filed seven separate objections to proofs of claim, which included objections to claims No. 1 through No. 6, and a second objection to the IRS's proof of claim No. 10.  (*See* ECF No. 97–103).

On July 23, 2019, the Court held the continued hearing on the Trustee's motion to dismiss.  (July 23, 2019 Hearing at 9:24 a.m.).  At the hearing, the United States expressed its potential issues with Mr. Cole's Fourth Amended Plan in light of the fact that the proposed plan did not provide what the IRS deemed to be the full amount of its claim.  (July 23, 2019 Hearing at 9:24 a.m.).  The United States notified the Court that in line with its statements at the hearing, it intended to file further objections to the amended plan.  (July 23, 2019 Hearing at 9:24 a.m.).  The Court, expressing its desire to bring the case to its conclusion either in the form of a confirmation or a dismissal of the case, continued the confirmation/dismissal hearing to August 21, 2019, at which it would also take up Mr. Cole's additional proof of claim objections.  (July 23, 2019 Hearing at 9:25 a.m.).

On July 26, 2019, the Chapter 13 Trustee filed a third Amended Motion to Dismiss Mr. Cole's case in light of the Chapter 13 case's "unreasonable delay that is prejudicial to the Creditors."  (*See* ECF No. 108).  In its Fee Application, Baker & Associates describes the issue at the time as follows:

> The debtor had a BMW in his plan.  Counsel had to address issues on the BMW. The vehicle was driven and paid for by a female friend.  The Debtor was not making payments and did not use the BMW.
>
> The Debtor had an agreement with JB Hunt for driving.  Counsel reviewed issues on the JB Hunt agreement, the income and alternatives by the Debtor.  The Debtor was attempting to work directly so that he did not have a "middle" person taking commission.

(ECF No. 130-3 at 3).

On July 30, 2019, the United States, on behalf of the IRS, filed a response to Mr. Cole's second objection to proof of claim No. 10.  (*See* ECF No. 110).

On August 9, 2019, Mr. Cole filed a Fifth Amended Plan along with Amended Schedules. (*See* ECF Nos. 112; 113).  The next day, the United States filed an objection to confirmation, arguing that the Fifth Amended Plan: (i) was not feasible, (ii) was not proposed in good faith, and (ii) did not satisfy 11 U.S.C. § 1324(b).  (*See* ECF No. 113).  Particularly, with regard to feasibility, the United States noted that under the amended plan, Mr. Cole proposed to pay $25,000.00 through a sale of his interest in the Wheeler Property.  (ECF No. 113 at 2).  However, the United States contested Mr. Cole's assertion under the plan, noting that its own "research show[ed] that the Debtor sold all of his interest in the property in 2009. . . ."  (ECF No. 113 at 2–3).  Thus, there was no interest to sell.  Thereafter, the United States filed a supplemental objection, which stated that "[a]fter conferring with counsel for the Debtor, the United States agrees that the plan proposed [] satisfies 11 U.S.C. § 1325(b)," but nonetheless maintained its objections as to feasibility and good faith.  (ECF No. 115 at 1).

On August 21, 2019, the Court held a hearing to address: (i) Mr. Cole's objections to proofs of claim No. 1 through No. 6; (ii) the IRS's objection to Mr. Cole's Fifth Amended Plan; and (ii) the Trustee's third amended motion to dismiss.  (August 21, 2019 Hearing at 10:01 a.m.).  At the hearing, the Court first addressed the issue of ownership of the Wheeler Property after Baker & Associates indicated it would be filing a motion to sell the Wheeler Property to resolve the United States' objection to confirmation.[5]  (August 21, 2019 Hearing at 10:03 a.m.).  Mr. Cole,

---

[5] Baker & Associates describes the issues and work on the Wheeler Property as follows:

> Counsel had multiple communications with debtor regarding sale of the other property. Counsel review[ed] documents regarding the sale and the ownership of the property. Counsel prepared an emergency motion to sell the Wheeler Property.

who was present at the hearing, claimed that he owned a 20% interest in the Wheeler Property. (August 21, 2019 Hearing at 10:03 a.m.).  When questioned about the other owners and their interests in the property, Mr. Cole assured the Court that the other owners were in agreement as to the Wheeler Property's sale.  (August 21, 2019 Hearing at 10:03 a.m.).  Mr. Cole estimated that he would be able to bring into the bankruptcy estate approximately $25,000.00 in sale proceeds. (August 21, 2019 Hearing at 10:04 a.m.).  In light of Mr. Cole's assertions, Baker & Associates requested a continuance on both the IRS's objection to confirmation and the Trustee's motion to dismiss until October—time which would allow for the sale of the Wheeler Property.  (August 21, 2019 Hearing at 10:05 a.m.).  The Trustee did not oppose the continuance.  (August 21, 2019 Hearing at 10:06 a.m.).  Moreover, in reliance on Mr. Cole's claims that the Wheeler Property could be sold during this time, the United States also agreed to continue the hearing on its objection.  (August 21, 2019 Hearing at 10:06 a.m.).

In light of the "dramatic progress" in the case—progress which the Trustee agreed had been made—the Court reset the hearing on the Trustee's motion to dismiss to October 11, 2019. (*See* ECF No. 119).  Moreover, the Court granted Mr. Cole's objection to proofs of claims No. 1 to 6.  (*See* ECF Nos. 117).  In its Fee Application, Baker & Associates qualifies the Court's finding as notable and highly beneficial to Mr. Cole's case.  (*See* ECF No. 130-3 at 3 ("The disallowance of these claims was very beneficial for the debtor's chapter 13 plan.  The elimination of the claims directly reduced his payment amounts.")).  However, it is important to note that at the time of the August 21, 2019 hearing, Mr. Cole had stopped making payments.  (October 11, 2019 Hearing at

---

The Debtor then discovered a deed on the Wheeler [P]roperty from the husband of the lady that had transferred the property to the debtor.  The deed filed in August of 2019 took the property out of the name of the Debtor.

(ECF No. 130-3 at 3).

11:34–11:39 a.m. (opposing a continuance in light of the fact that Mr. Cole had not made payments since July 23, 2019)). Therefore, a reduction in claims arguably was not beneficial to Mr. Cole's case when no payments were being made to the Trustee.

On October 3, 2019, the Trustee filed a fourth amended motion to dismiss. (*See* ECF No. 125). The Trustee's motion to dismiss was similar to its previous filings and largely based upon Mr. Cole's failure to make payments pursuant to 11 U.S.C. § 1326(a)(1) and "unreasonable delay that is prejudicial to the Creditors." (ECF No. 125 at 1).

On October 11, 2019, the Court held the previously continued hearing on the Trustee's fourth amended motion to dismiss. (October 11, 2019 Hearing at 11:30 a.m.). At the time of the hearing Mr. Cole was not employed, and therefore was not making payments under the proposed plan. Mr. Cole, through Baker & Associates, requested additional time to allow him to return to his previous employment, testifying that substantial health issues had precluded his ability to return and preform work. (October 11, 2019 Hearing at 11:34–11:39 a.m.); (*see* ECF No. 130-3 at 3 ("The debtor had health issues and was prevented from working. Without work, the debtor did not have income to make his chapter 13 plan payments.")). Both the Trustee and the United States opposed Mr. Cole's requested continuance, noting that Mr. Cole had not made payments since July 23, 2019 and the required amount of those payments had increased significantly since the start of Mr. Cole's case. (October 11, 2019 Hearing at 11:32 a.m.). The Trustee argued that the increased payments indicated that Mr. Cole would continue to be unable to make any payments under the proposed plan. (October 11, 2019 Hearing at 11:32 a.m.); (*see* ECF No. 130-3 at 3 ("The Debtor had not made payments. The ownership of the other property had additional issues that were discovered regarding the ownership.")).

Moreover, on cross examination, Mr. Cole confirmed that the Wheeler Property had not yet been sold as of the date of the hearing.  (October 11, 2019 Hearing at 11:56 a.m.).  Failure to sell the Wheeler Property stemmed from the same issue discussed in previous hearings—that the ownership of the property remained under question.  (October 11, 2019 Hearing at 11:56 a.m.–12:02 p.m.).  At the conclusion of the hearing, the Court dismissed Mr. Cole's case without prejudice, citing Mr. Cole's substantial delinquency in payments and his failure to show good cause as to any further extension.  (October 11, 2019 Hearing at 12:05 p.m.).

On October 30, 2019, Baker & Associates filed the fee application that is now before the Court.  (*See* ECF No. 130).  Baker & Associates seeks Court approval of $40,670.84 in attorney's fees and expenses, stemming from work on Mr. Cole's Chapter 13 bankruptcy case.[6]  (ECF No. 130-1 at 1).  On January 7, 2020, the Court held a hearing on Baker & Associates' Fee Application.  (January 7, 2020 Hearing at 1:42 p.m.).  At the hearing, Baker & Associates listed the continuous issues that occurred in Mr. Cole's case, such as the substantial home arrearages, the disputed ownership of the Wheeler Property, the personal injury suit, and Mr. Cole's objection to the IRS's proof of claim No. 10, all of which precluded confirmation of a plan in Mr. Cole's case.  (January 7, 2020 Hearing at 1:42–1:46 p.m.).  Baker & Associates further highlighted its work and success on the six proof of claims, which "would have had an impact" under Mr. Cole's plan had a plan been confirmed.  (January 7, 2020 Hearing at 1:46 p.m.).  The Court noted that although the case was "short-lived", the attorney's fees requested were substantial.  (January 7, 2020 Hearing at 1:47 p.m.).  The Court, however, acknowledged that the case was "difficult" and agreed that Baker & Associates' work on Mr. Cole's case was clearly worth the $16,000.00 currently held by the

---

[6] This amount includes the $800.00 previously paid by Mr. Cole.  (ECF No. 130-1 at 1).

Trustee, but likely would not reach the $40,000.00 requested under Baker & Associates' Fee Application.  (January 7, 2020 Hearing at 1:49 p.m.).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C § 1334(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).  Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

### I.     Professionals Employed by the Estate

The appropriate compensation for professionals employed by the estate is determined by examining three tests which together allow the court to determine the proper amount of attorney's fees earned in each case: the lodestar method, 11 U.S.C. § 330(a)(3), and the *Johnson* factors.  *CRG Partners Grp., LLC v. Neary (In re Pilgrim's Pride Corp*.), 690 F.3d 650, 656 (5th Cir. 2012) ("Following the Bankruptcy Code's enactment, we made clear that lodestar, *Johnson* factors, and § 330 coalesced to form the framework that regulates the compensation of professional employed by the bankruptcy estate.").

### *Lodestar Method*

The Fifth Circuit has traditionally used the lodestar method to calculate reasonable attorney's fees under § 330.  *Cahill v. Walker & Patterson, P.C., (In re Cahill),* 428 F.3d 536, 539 (5th Cir. 2005).  A court determines the amount of compensation through the lodestar method by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community.  *Id.*; *see Lopez v. Portfolio Rec. Assoc. (In re Lopez)*, 576 B.R. 84, 92 (Bankr. S.D. Tex. 2017) (citing *In re Rodriguez*, 517 B.R. 724, 730 (Bankr. S.D. Tex. 2014)).  However, the lodestar method also allows discretion to adjust the lodestar

amount upwards or downwards based on its assessment of the *Johnson* factors and 11 U.S.C §

330. *In re Pilgrim's Pride,* 690 F.3d at 656; *In re Lopez*, 576 B.R. at 94.

*11 U.S.C § 330(a)(3)*

Section 330(a)(3) explicitly provides for reasonable compensation to debtors' attorneys

"for representing the interest of the debtor in connection with the bankruptcy case." *In re Chapter*

*13 Fee Applications*, No. Misc. 06-00305, 2006 WL 2850115, at *2 (Bankr. S.D. Tex. Oct. 3,

2006).   "This authority includes the discretion, upon motion or sua sponte, to award a

compensation that is less than the amount requested." *In re Cahill*, 428 F.3d at 539.  The amount

of reasonable compensation awarded to professionals is determined by examining all relevant

factors including:

> (A) the time spent on such services;

> (B) the rates charged for such services;

> (C) whether the services were necessary to the administration of, or beneficial at
> the time at which the service was rendered toward the completion of, a case under
> this title;

> (D) whether the services performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem, issue,
> or task addressed;

> (E) with respect to a professional person, whether the person is board certified or
> otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F) whether the compensation is reasonable based on the customary compensation
> charged by comparably skilled practitioners in cases other than cases under this
> title.

11 U.S.C. § 330(a)(3).  The use of the word "including" in § 330(a)(3) indicates that the list is not

exhaustive. *In re Chapter 13 Fee Applications*, 2006 WL 2850115 at *2; *see In re Pilgrim's Pride*

*Corp*., 690 F.3d at 656.  "Indeed, § 330(a)(3) mandates consideration of *all* relevant factors." *In*

*re Chapter 13 Fee Applications*, 2006 WL 2850115 at * 2 (emphasis in original).  These factors

generally include the twelve *Johnson* factors. *Id.; see In re Pilgrim's Pride Corp.*, 690 F.3d at 656

(citing *In re Lan Assocs. XI, L.P.,* 192 F.3d 109, 123 (3d Cir. 1999) for the proposition that "in

spite of the factors enumerated in § 330, many courts continue to employ the twelve factors set

forth in *Johnson*").

*The Johnson Factors*

The *Johnson* factors enumerate twelve considerations which determine whether requested

fees are reasonable or not.  The twelve factors are:

> (1)  The time and labor required; (2) The novelty and difficulty of the questions;
> (3) The skill requisite to perform the legal service properly; (4) The preclusion
> of other employment by the attorney due to acceptance of the case; (5) The
> customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations
> imposed by the client or other circumstances; (8) The amount involved and the
> results obtained; (9) The experience, reputation, and ability of the attorneys;
> (10) The "undesirability" of the case; (11) The nature and length of the
> professional relationship with the client; and (12) Awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974).  "While the

bankruptcy court has considerable discretion in applying these factors, it must explain the weight

given to each factor it considers and how each factor affects its award."  *In re Cahill*, 428 F.3d at

540 (internal citations omitted).

Under this framework, bankruptcy courts must first calculate the amount of the lodestar.

*In re Pilgrim's Pride*, 690 F.3d at 656.  "After doing so, bankruptcy courts then may adjust the

lodestar up or down based on the factors contained in § 330 and their consideration of the twelve

factors listed in *Johnson.*"  *Id.* (internal quotations omitted).  In *Pilgrim's Pride,* the Fifth Circuit

emphasized that bankruptcy courts have "considerable discretion when determining whether an

upward or downward adjustment of the lodestar is warranted."  690 F.3d at 656.  At the same time,

however, the Fifth Circuit cautioned bankruptcy courts with the following:

However, as we held in *Fender*, bankruptcy courts must remain mindful that four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained from the litigation—are presumably fully reflected in the lodestar amount. Accordingly, those four *Johnson* factors may only form the basis for an upwardly adjusted fee in rare and exceptional circumstances: although upward adjustments of the lodestar figure based on these four factors are still permissible, such modifications are proper only in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings by the lower courts.

*In re Pilgrim's Pride,* 690 F.3d at 656 (internal citations omitted) (internal quotations omitted).

Moreover, "preclusion from other employment is also frequently subsumed in the lodestar method." *In re Lopez*, 576 B.R. at 94.

## II.    Lodestar Method

Baker & Associates' Fee Application describes in detail the work performed on Mr. Cole's case. (*See* ECF Nos. 130-4; 130-5); (*see also* Appendix A). Baker & Associates' Fee Application also includes detailed time records on the work performed, hours spent, and the hourly rate charged for those services. (*See* ECF Nos. 130-4; 130-5). "Reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant community." *In re Lopez*, 576 B.R. at 93. Therefore, in determining whether the rates charged are reasonable, this Court looks to rates charged in other chapter 13 cases in the Southern District of Texas.

Through its Fee Application, Baker & Associates requests a total of $40,670.84 in fees and expenses for services provided. (*See* ECF No. 130; 130-1). Those fees and expenses are made up of the following: (i) $32,075.50 in professional fees, accounting for 91.7 hours; (ii) $8,130.00 in paraprofessional fees, accounting for 63.8 hours, (iii) $465.34 in reimbursable expenses; (iv) $800.00 already paid to Baker & Associates pursuant to an agreement with Mr. Cole. (*See* ECF No. 130). Moreover, the following rates, among ten different people, were applied for work conducted on Mr. Cole's chapter 13 case:

| Attorney/Paralegal | Rate |
|---|---|
| Kapp, Sonya L | $365.00 |
| Lopez-Pagan, Nikie | $325.00 |
| Lila, Yesenia | $100.00 |
| Wright, Katherine | $125.00 |
| Chandler, Tammy J | $125.00 |
| Baker, Reese | $375.00 |
| Wright, Dee | $125.00 |
| Taylor, Susanne | $150.00 |
| Cruz, Alfredo | $150.00 |
| Rose, Karen | $350.00 |

(ECF Nos. 130-4; 130-5).  The Court finds that the rates charged do not exceed, or are similar to, those customarily charged in chapter 13 bankruptcy cases in the Southern District of Texas.  *In re Ahmadi*, No. 17-34134, 2018 WL 6523094, at *4 (Bankr. S.D. Tex. Dec. 10, 2018) (finding similar fees reasonable).

"In addition to appropriate rates, courts must also determine the reasonableness of the hours requested."  *In re Lopez*, 576 B.R. at 93.  Baker & Associates' time records account for 155.5 hours of work on Mr. Cole's case—91.7 of which were conducted by professionals.  "The burden is on the party seeking payment of attorney's fees to show that the hours requested are reasonable."  *Id.*  Counsel may meet this burden by providing "contemporaneous billing records or other sufficient documentation" as Baker & Associates has done here.  *Id.*; (*see* ECF Nos. 130-4; 130-5).  "Even with such documentation, however, courts may find the hours expended to be unreasonable under a variety of circumstances:" such as where billing records show amounts charged for: "(i) hours spent on issues in which the attorneys did not prevail; (2) travel time;

(3) lumped and vague entries; and (4) interoffice communications." *In re Lopez*, 576 B.R. at 93 (citations omitted).

As noted above, the Court acknowledges that Mr. Cole's chapter 13 case presented some difficult issues, and therefore merited more work than the average chapter 13 case. The Court finds, however, that Baker & Associates' billing records contain time entries reflecting instances in which the hours expended appear unreasonable, duplicative or excessive, making reduction of attorney's fees appropriate in this case.

### A.  *Billing Judgment*

In presenting a request for fees, a party should demonstrate billing judgment. *Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Billing judgment should be evident from the attorneys' invoices offered in support of the requested fees and "charges for duplicative, excessive, or inadequately documented work should be excluded." *In re Mud King. Prod.*, 525 B.R. 43, 56 (Bankr. S.D. Tex. 2015) (excluding time for entries that were "block-billed, vague, and uninformative" or containing "duplicate entries and excessive time"). Notably, the Fifth Circuit upheld a bankruptcy determination reducing fees where "attorneys duplicated each other's efforts in preparing the case" and "billed hours for bringing each other up to speed on work begun by the other." *In re Cahill*, 428 F.3d at 539; *see In re King*, 350 B.R. 327, 333 (Bankr. S.D. Tex. 2006).

### Duplicate, Excessive, and/or Vague Entries

The Court recognizes that Mr. Cole's chapter 13 case was unique in that it presented some difficult issues throughout its course, including Mr. Cole's objection to the IRS's proof of claim. (ECF No. 130-3 at 2). In fact, the dispute between Mr. Cole and the IRS persisted throughout the entirety of Mr. Cole's case and was the subject of a Memorandum Opinion by this Court. (*See*

ECF Nos. 41, 84–85, 128).  Therefore, it is unsurprising that Baker & Associates' records reflect a substantial amount of entries dedicated to the IRS issue.  (*See* Appendix A).  However, it is important to note that the issue with the IRS was never resolved, and further contributed to the dismissal of Mr. Cole's case prior to confirmation of any plan.  (*See* October 11, 2019 Hearing at 11:32 a.m. (dismissing the case in part because the Wheeler Property had not been sold and therefore no sales proceeds were available to resolve the IRS's proof of claim against Mr. Cole)).

Here, the Fee Application contains an extensive amount of entries where work on the IRS issue, along with other objections to confirmation and small miscellaneous work, appears unnecessary, duplicate, excessive, vague and/or redundant:

| Date | Description | Atty | Hrs | Rate | Total |
|------|-------------|------|-----|------|-------|
| 12/10/2018 | issues in case on IRS, payments | RB | 0.20 | $375.00 | $75.00 |
| 12/10/2018 | review document received by client from the IRS and claim filed (.2); conference regarding amendments and confirmation hearing (.2) | NPL | 0.40 | $325.00 | $130.00 |
| 12/11/2018 | review of IRS tax issues and offer in compromise, appears to be paid, call to IRS | RB | 0.50 | $375.00 | $187.50 |
| 12/11/2018 | review of IRS tax issues and offer in compromise, appears to be paid, call to IRS | SLK | 0.50 | $365.00 | $182.50 |
| 12/13/2018 | issues with offer and compromise with IRS, objection to IRS claim | RB | 0.30 | $375.00 | $112.50 |
| 12/13/2018 | telephone conference with client regarding IRS claim and amendments for confirmation hearing (.3); emails regarding IRS claim and confirmation hearing (.1) | NPL | 0.40 | $325.00 | $130.00 |
| 12/13/2018 | continued review of proof of claims, objections to confirmation, last plan filed, schedules, offer and compromise, timely filing of tax returns, timely payments, and trustee payments (.5); corrections to amended plan (.2); prepared amended schedules A, B, C, I, and J (.4); prepared response to motion to dismiss (.2); communications with client regarding | ST | 1.80 | $150.00 | $270.00 |

| | | | | | |
|---|---|---|---|---|---|
| | financial management course, amendments, offer and compromise, timely filing of tax returns, timely payments, income, and expenses (.5) | | | | |
| 12/13/2018 | phone conferences with IRS regarding offer and compromise, amounts owed, timely payments, timely filing of tax returns, default, and completion of chapter 13 | ST | 0.40 | $150.00 | $60.00 |
| 2/26/2019 | brief of IRS, issues in case | RB | 0.30 | $375.00 | $112.50 |
| 2/27/2019 | review background regarding objection to IRS claim (1.1); research regarding bankruptcy status of offers in compromise (1); draft brief in support of objection to IRS claim (2.3) | KR | 4.40 | $350.00 | $1,540.00 |
| 2/28/2019 | review of exhibits for brief | ST | 0.20 | $150.00 | $30.00 |
| 2/28/2019 | review, finalize brief with exhibits, file brief with exhibits | RB | 0.90 | $375.00 | $337.50 |
| 3/5/2019 | continued review of hearing notes, brief filed by IRS, extension to file tax return, extensions for payment, trustee payments, possible amended plan | ST | 0.50 | $150.00 | $75.00 |
| 3/5/2019 | review of issues on income tax payments, amounts due under offer in compromise | RB | 0.40 | $375.00 | $150.00 |
| 3/6/2019 | research regarding breach of OIC (1.8); research regarding statute of limitations on tax collection (.7); research and communication regarding same (.9); draft response to IRS brief (2.2) | KR | 5.60 | $350.00 | $1,960.00 |
| 3/18/2019 | review of entire case, most recently filed plan, trustee pay history and all notes & docket entries from previous hearings in preparation for confirmation hearing (1); review of all information, documentation, exhibit, briefs regarding objection to IRS claim (1.5); preparation for inducing testimony and making argument on IRS issue (.8) | SLK | 3.30 | $365.00 | $1,204.50 |
| 3/18/2019 | issues with offer in compromise, surrender of property, amendments to plan, possible amendments for IRS (.3) review of issues with plan, complete and file reply brief on IRS issues (.4) | RB | 0.70 | $375.00 | $262.50 |

(*See* Appendix A, entries 20, 24–27, 30–31, 77, 79–81, 83, 85, 87, 92, 96).

These entries are only a sliver of the entries dealing with the IRS's issue in the billing records.  They reflect Baker & Associates' inefficiency in approaching and resolving the issue.  Specifically, the entries set forth above show that the work completed on the IRS issue—including research, review, briefing, filing, preparation for hearings, and both external and internal communications—was performed by approximately four attorneys and one paralegal.[7]  That the work performed on an issue was done by various attorneys, does not in and of itself present a problem.   In this case, however, dividing the work among this many professionals and paraprofessionals, resulted in a large amount of unnecessary and duplicate work, and consequently, a large amount of fees.  (*Compare* Appendix A, entry 79 (noting review and research on Offer in Compromise background by Karen Rose), *and* Appendix A, entry 92 (charging for review of the entire case, including preparation on the IRS issue), *with* Appendix A entry 96 (providing for further review and preparation of the same IRS issue by Reese Baker)).

The record is devoid of any evidence explaining why such division of labor was necessary.  *C.f. In re King,* 350 B.R. at 333 (allowing fees where "Baker worked efficiently by having only one attorney perform each legal task for the Debtor" even when the case presented difficulties).  Moreover, it is beyond this Court's understanding as to why an attorney would need to review the entire case, with a particular focus on the IRS issue, where there were already three other attorneys working on that same issue from its inception.  (*Compare* Appendix A, entry 20 (noting research by Reese Baker commenced on December 10, 2018), *and* Appendix A entry 79 (providing for review of IRS claim background, research and briefing on the same by Karen Rose in February 2019); *with* Appendix A, entry 92 (charging for review of the entire case, including preparation of

---

[7] The Fee Application does not distinguish between attorneys and paralegals.  Rather, each person is solely referred to by their name.  The Court makes this assumption, however, based on the rate charged in the Fee Application.  (*See* ECF No. 130).

the IRS issue by Sonya L. Kapp on March 18, 2019)).  The division of labor in this case may have been initiated for a proper purpose, but a review of Baker & Associates' billing records demonstrates that it ultimately resulted in inefficient and duplicate work.

Additionally, various entries are redundant, unnecessary, or provide for the same work twice.  For example, entries 25 and 26 in Appendix A provide for the following: "review of IRS tax issues and offer in compromise, appears to be paid, call to IRS", but indicate that one entry was completed by Reese Baker and another by Sonya Kapp on the same day, charging a total of $370.00 for the same task.  This, similarly, is highly inefficient and unnecessary on an already difficult case.  *C.f. In re King,* 350 B.R. at 333 ("Whenever possible, Baker delegated work not requiring an attorney to a legal assistant, who charged a lower hourly rate.").  Moreover, a substantial amount of entries are vague:

| Date | Description | Atty | Hrs | Rate | Total |
|------|-------------|------|-----|------|-------|
| 12/10/2018 | issues in case on IRS, payments | RB | 0.20 | $375.00 | $75.00 |
| 12/12/2018 | email regarding amendments and upcoming confirmation hearing | NPL | 0.10 | $325.00 | $32.50 |
| 2/26/2019 | brief of IRS, issues in case | RB | 0.30 | $375.00 | $112.50 |
| 2/28/2019 | review of exhibits for brief | ST | 0.20 | $150.00 | $30.00 |
| 4/8/2019 | review of supplemental brief | ST | 0.20 | $150.00 | $30.00 |
| 4/9/2019 | finalize and brief | RB | 0.40 | $375.00 | $150.00 |
| 7/24/2019 | issues with plan and IRS | RB | 0.10 | $375.00 | $37.50 |
| 9/5/2019 | not working, issues on property sale | RB | 0.30 | $375.00 | $112.50 |

(Appendix A, entries 20, 27 77, 113, 183, 216)

When seeking attorney's fees, the movant bears the burden of demonstrating that it exercised appropriate billing judgment.  *Saizan*, 448 F.3d at 799.  Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive or

redundant. *Id.* The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Id.*

The Court notes that in "writing off" some amounts, Baker & Associates exercised *some* billing judgment. (*See* Appendix A, entries 19, 56, 61, 60, 76, 90, 103, 134, 224, 226, 228–29, 231). However, in failing to exclude or reduce amounts for entries that reflected substantial duplicate work, and entries which were vague, excessive, redundant and unnecessary, Baker & Associates failed to demonstrate *complete* billing judgment. Baker & Associates' inefficiency increased its fees substantially, and such should have been remedied appropriately.

Accordingly, the Court will apply a 25% reduction for entries which exhibit unnecessary duplication of work, excessive work, and those which are vague and/or redundant. *See In re Lopez*, 576 B.R. at 102 (reducing time entries by 25% for entries which were vague and excessive).

*Interoffice Communications*

Fees for interoffice communications are allowed provided that there are "not an inordinate number of interoffice conferences, and so long as multiple attorneys do not bill for the same conference." *In re Lopez*, 576 B.R. at 103 (citing *In re Rodriguez*, 517 B.R. at 736). "The evidence needs to demonstrate that the interoffice conference was reasonable and necessary for the case, but does not require a detailed explanation." *In re Lopez*, 576 B.R. at 103 (citations omitted).

Within Baker & Associates' billing records, there are various entries, which although are marked as a "communications" do not provide to whom the communication was made:

| Date | Description | Atty | Hrs | Rate | Total |
|------|-------------|------|-----|------|-------|
| 9/12/2018 | meeting regarding scheduling of lease debt and arrearage paid through plan | NPL | 0.30 | $325.00 | $97.50 |

| 12/12/2018 | email regarding amendments and upcoming confirmation hearing | NPL | 0.10 | $325.00 | $32.50 |
| 1/15/2019 | email regarding IRS claim objection hearing | NPL | 0.10 | $325.00 | $32.50 |
| 1/22/2019 | communications on exhibit books for hearing; prepared exhibit books for hearing | KW | 0.50 | $125.00 | $62.50 |
| 4/9/2019 | communications to attorney for IRS regarding supplemental brief | ST | 0.10 | $150.00 | $112.50 |
| 6/13/2019 | communication regarding treatment of contingent tax claim in chapter 13 plan | KR | 1.60 | $350.00 | $560.00 |
| 7/3/2019 | communication regarding amendments to plan | NPL | .10 | $325.00 | $32.50 |

(Appendix A, entries 3, 27, 47, 60, 129, 150).  The Court assumes that these communications were a result of the division in labor as to the same issues in Mr. Cole's chapter 13 case.  Although the number of hours for interoffice communications may not be inordinate, the Court finds that deductions must be made to certain time entries in light of the entries' vagueness and the lack of explanation indicating why such are reasonable and necessary.  *See In re Lopez*, 576 B.R. at 103 ("Apart from the time entries provided by Applicant, there is no evidence before this Court to demonstrate that 1.5 hours was reasonable and necessary to discuss upcoming deadlines regarding PRA's motion for Leave."); (*see also* Appendix A, entry 129, noting over an hour and a half to discuss a contingent tax claim in the plan).

Accordingly, the Court finds a 20% reduction appropriate for entries which provide for interoffice communications that are vague and/or unreasonable.  *In re Lopez*, 576 B.R. at 103.

### Adversary Proceeding

Aside from the IRS issue, another large issue in Mr. Cole's case was OTR Leasing's alleged repossession of Mr. Cole's commercial truck, which he used for work at the time of his bankruptcy filing.  Early into his chapter 13 case, Mr. Cole initiated an adversary proceeding against OTR Leasing, asserting claims for violation of the stay, contempt, and conversion based on OTR's alleged repossession of Mr. Cole's commercial truck.  (Case No. 18-03284; *see* ECF

No. 1).  Consequently, a large amount of entries reflect work done by Baker & Associates on this issue.  (*See* ECF No. 130-5).  The dispute revolved around whether the commercial truck had been leased or purchased by Mr. Cole—with OTR arguing that the truck had been leased and Mr. Cole opposing OTR's assertion, claiming the truck had been purchased.  (Case No. 18-03284; ECF Nos. 1; 4; 7).  The initial hearing was scheduled for October 10, 2018 but was reset to October 16, 2018 in light of Mr. Cole's inability to appear at the initial hearing.  On October 16, 2018, the Court denied Mr. Cole's emergency motion for return of the truck.  (Case No. 18-03248; *see* ECF No. 1).  Subsequently, on December 7, 2018, Mr. Cole and OTR entered into a joint stipulation to dismiss Mr. Cole's complaint against OTR, which had the effect of closing the adversary proceeding.  (Case No. 18-03248; *see* ECF No. 18); *see also* (ECF No. 130-3 at 1 ("After further review, the Debtor elected not to pursue the return of the truck.")).

Although Mr. Cole, did not prevail on the issue of turnover of the vehicle, the outcome was not the product of the services performed by Baker & Associates.  Rather, Baker & Associates explains in its Fee Application that as a result of Mr. Cole's election "not to pursue the return of the truck," Mr. Cole and OTR entered into a joint stipulation to dismiss Mr. Cole's complaint against OTR, which then closed the adversary proceeding.  Section 330(4)(A) provides that:

Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

    (I)    reasonably likely to benefit the debtor's estate; or

    (II) necessary to the administration of the case.

11 U.S.C. § 330(4)(A).  The services that Baker & Associates provided in seeking repossession of Mr. Cole's truck were not an unnecessary duplication of services as set forth in § 330(4)(A)(i).

Rather in reviewing files, contacting the creditor, and initiating the adversary proceeding against OTR Leasing, Baker & Associates' sought to recover Mr. Cole's main source of income, which is necessary for the administration of the estate because without income, Mr. Cole would have been unable to make payments.  Moreover, the initiation of the adversary proceeding, and subsequent work performed in such case, was reasonably likely to benefit the estate because it brought Mr. Cole closer to his objective of recovering his commercial truck, thereby making a living. Accordingly, Baker & Associates may recover for the time spent attempting to recover the commercial truck.

*Wheeler Property*

The third biggest issue present throughout Mr. Cole's case involved the Wheeler Property. Throughout his bankruptcy, Mr. Cole claimed an interest in the Wheeler Property, based on an alleged agreement between Mr. Cole and the co-owner of the property.  (ECF No. 130-3 at 1).  In reliance on Mr. Cole's purported ownership interest, Baker & Associates filed a Fifth Amended Plan on August 9, 2019.  (ECF Nos. 112; 113).  Under the amended plan, Mr. Cole proposed to bring into the bankruptcy estate approximately $25,000.00 through the sale of his interest in the Wheeler Property.  (ECF No. 113 at 2).  On August 20, 2019, however, the United States filed an objection to confirmation, arguing that the Fifth Amended Plan: (i) was not feasible, (ii) was not proposed in good faith, and (ii) did not satisfy 11 U.S.C. § 1324(b).  (*See* ECF No. 113).  The United States claimed that, based on their own research, Mr. Cole had sold all of his interest in the Wheeler Property in 2009.  (ECF No. 113 at 2–3).

On August 21, 2019, the Court held a hearing to address: (i) Mr. Cole's objections to proofs of claim No. 1 through No. 6; (ii) the IRS's objection to Mr. Cole's Fifth Amended Plan, and (ii) the Trustee's third amended motion to dismiss.  (August 21, 2019 Hearing at 10:01 a.m.).  Mr.

Cole, who was present at the hearing, maintained that he owned a 20% interest in the Wheeler Property, and that the co-owners were in agreement as to the Wheeler Property's sale.  (August 21, 2019 Hearing at 10:03 a.m.).  Mr. Cole estimated that he would receive $25,000.00 in sale proceeds, which would then resolve both the Trustee's objection and the IRS's proof of claim against him under the current proposed amended plan.  (August 21, 2019 Hearing at 10:04 a.m.).  In light of Mr. Cole's assertions, Baker & Associates requested a continuance on both the IRS's objection to confirmation and the Trustee's motion to dismiss until October—time which would allow for the sale of the Wheeler Property.  (August 21, 2019 Hearing at 10:05 a.m.).  In reliance on Mr. Cole's claims that the Wheeler Property could be sold during this time, the United States agreed to continue the hearing on its objection.  (August 21, 2019 Hearing at 10:06 a.m.).

On October 11, 2019, the Court held the previously continued hearing on the Trustee's amended motion to dismiss, and the IRS's objection.  (October 11, 2019 Hearing at 11:30 a.m.).  Not only had the Wheeler Property not sold at the time of the hearing, precluding any ability to satisfy the IRS's claim through sale proceeds, but Mr. Cole had failed to make any payments to the Trustee since July 23, 2019.  (*see* ECF No. 130-3 at 3 ("The Debtor had not made payments. The ownership of the other property had additional issues that were discovered regarding the ownership.")).  At the conclusion of the hearing, the Court dismissed Mr. Cole's case without prejudice, citing Mr. Cole's substantial delinquency in payments and his failure to show good cause as to any further extension.  (October 11, 2019 Hearing at 12:05 p.m.).

It appears that counsel invested a huge amount of time, without investigating the merits of Mr. Cole's Wheeler Property claims.  This additional time should not have been spent and would have been unnecessary had the allegations been properly reviewed.

"Counsel for a debtor or debtor in possession will not be compensated for time spent in preparation of a plan which has no realistic hope of confirmation." *In re Phillips*, 291 B.R. 72, 82 (Bankr. S.D. Tex. 2003).  The issue of ownership as to the Wheeler Property was questionable prior to Baker & Associates' filing of Mr. Cole's Fifth Amended Complaint.  In fact, Baker & Associates' billing records show a substantial amount of work simply in attempting to determine whether in fact Mr. Cole owned any interest in the Wheeler Property at all.  Therefore, it should have been apparent to Baker & Associates that relying on the Wheeler Property for a successful plan was not reasonable.  Requesting a continuance in order to conduct a sale on property for which there was no clear ownership, further prolonging and complicating Mr. Cole's case was not reasonable under the circumstances.

"Benefit" as described by *Collier on Bankruptcy,* "is determined in the context of whether the services promote the successful completion of a chapter 13 plan:"

> Services that benefit the debtor in connection with the case are services that facilitate the successful completion of the debtor's plan.

5 COLLIER ON BANKRUPTCY ¶ 330.04[1][b][v] (Richard Levin & Henry J. Sommer eds., 15th ed.).  Without a realistic proposed plan, Baker & Associates cannot reasonably show that it provided a benefit through its work on the Wheeler Property.  *See In re Ahmadi*, No. 17-34134, 2018 WL 6523094, at *5 (Bankr. S.D. Tex. Dec. 10, 2018) ("Accordingly, Baker's choice to base all of Ahmadi's proposed plans on Ahmadi's successful recovery against Glenvest predictably failed to render a beneficial service to the estate as required by § 330(a)(3)(C).").  Accordingly, the Court will reduce the fees incurred on the Wheeler Property issue by 20%.

## III.    Expenses

Baker & Associates' Fee Application also seeks to recover $465.34 in expenses.  This amount consists mostly of filings fees, as well as copies, mailings, and a credit report.  Baker &

Associates is entitled to recover the full amount of the requested expenses. *In re Ahmadi*, 2018 WL 6523094, at *5.

### Conclusion

The Court will issue a Order consistent with this Memorandum Opinion.

Signed: July 20, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

| | | Glossary | | Attorneys | | Task Description | |
|---|---|---|---|---|---|---|---|
| | IOC/V | Interoffice communications, vague: reduced by 20 % | SLK | Kapp, Sonya L. | | PrePCC | Pre-Petition Client Consultation |
| | V&E | Vague and excessive, reduced by 25 % | NPL | Lopez-Pagan, Nikie | | SP | Schedules, Plan |
| | D | Duplicate work, reduced by 25 % | YL | Lila, Yesenia | | TC | Trustee Contact |
| | L/V | Lumped and/or vague, reduced by 25% | KW | Wright, Katherine | | CM 341 | Creditors Meeting/341 |
| | R | Redundant work, reduced by 25% | TJC | Chandler, Tammy J | | OTC | Objection to Confirmation |
| | W | Wheeler claims, reduced by 20% | RB | Baker, Renee | | PosPCC | Post-Petition Client Consultation |
| | U/E | Unnecessary and/or excessive, reduced by 25% | DW | Wright, Dee | | Amend. | Amendments |
| | ND | No deduction | ST | Taylor, Susanne | | CO/V | Claim Objections/Valuations |
| | V | Vague, reduced by 25% | GM | Martinez, Gabby | | CH | Confirmation Hearing |
| | | | AC | Cruz, Alfredo | | CC | Creditor Contact |
| | | | KR | Rose, Karen | | POC Rev. | Proof of Claim Review |
| | | | | | | MTD | Motion to Dismiss |
| | | | | | | S/R/Disp. | Sale/Refinancing/Disp. of Assets |
| | | | | | | Fee Prep. | Fee Application Preparation |
| | | | | | | Adv. | Adversary |

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 8/29/2018 | PrePCC | initial consultation with potential client; discussed mortgage loan modification, lease to own truck and other debts, explained process and necessity of office visit | SLK | 0.60 | $365.00 | $219.00 | $219.00 | $0.00 | ND |
| 2 | 9/12/2018 | PrePCC | meeting regarding scheduling of lease debt and arrearage paid through plan | NPL | 0.30 | $325.00 | $97.50 | $78.00 | $19.50 | IOC/V |
| 3 | 9/12/2018 | PrePCC | meeting with client to review documents and case for filing | YL | 0.20 | $100.00 | $220.00 | $220.00 | $0.00 | ND |
| 4 | 9/14/2018 | SP | reviewed schedules and plan; reviewed issues with lease agreement and lease terms in plan | KW | 0.70 | $125.00 | $87.50 | $87.50 | $0.00 | ND |
| 5 | 9/14/2018 | PrePCC | review and further draft schedules to the voluntary petition (.8); review voluntary petition, statement of financial affairs, means test, and plan (.6); meeting with client regarding bankruptcy documents, case filing, and next steps (.9) | NPL | 2.30 | $325.00 | $747.50 | $747.50 | $0.00 | ND |
| 6 | 9/14/2018 | PrePCC | meeting with client to review documents and sign petition and other necessary documents | YL | 3.00 | $100.00 | $300.00 | $300.00 | $0.00 | ND |
| 7 | 9/15/2018 | SP | prepared documents for filing; filed case; notice to creditors | YL | 0.50 | $100.00 | $50.00 | $50.00 | $0.00 | ND |
| 8 | 9/18/2018 | SP | prepared and filed attorney disclosure | TJC | 0.20 | $125.00 | $25.00 | $25.00 | $0.00 | ND |
| 9 | 10/17/2018 | SP | amendment to plan, status of truck | RB | 0.20 | $375.00 | $75.00 | $56.25 | $18.75 | V |
| 10 | 10/23/2018 | SP | review of plan, payments, car, house arrearages and other issues | RB | 0.40 | $375.00 | $150.00 | $150.00 | $0.00 | ND |
| 11 | 10/30/2018 | TC | emailed copies of 2016 & 2017 tax returns to the trustee | DW | 0.10 | $125.00 | $12.50 | $12.50 | $0.00 | ND |
| 12 | 11/1/2018 | SP | reviewed case and prepared notes for creditors meeting | DW | 0.50 | $125.00 | $62.50 | $62.50 | $0.00 | ND |
| 13 | 11/2/2018 | CM 341 | preparation and appearance at 341 meeting of creditors (1.7); meeting with client regarding trustee payments and continuation of adversary proceeding (.3). This was the only 341 meeting scheduled for today. | NPL | 2.00 | $325.00 | $650.00 | $487.50 | $162.50 | D |
| 14 | 11/2/2018 | SP | emails with attorney Jeffrey Todd regarding application for employment regarding personal injury case | NPL | 0.20 | $325.00 | $65.00 | $65.00 | $0.00 | ND |
| 15 | 11/29/2018 | OTC | review of objection to confirmation filed by mortgage company, mortgage payments, trustee payments, last plan filed, and schedules | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | L/V |
| 16 | 12/5/2018 | PosPCC | phone conference with client regarding unsecured claims, trustee payments, deadline to file claims, and financial management course | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 17 | 12/6/2018 | PosPCC | phone conference with client regarding confirmation hearing, possible dismissal of case, and amendments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 18 | 12/10/2018 | PosPCC | emailing debtor regarding the need to take the debtor education class and sending him all the information | GM | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 19 | 12/10/2018 | SP | issues in case on IRS, payments | RB | 0.20 | $375.00 | $75.00 | $56.25 | $18.75 | V |
| 20 | 12/10/2018 | SP | review of proof of claims, objection to confirmation, trustee payments, EFT, last plan filed, schedules, Motion to Dismiss, attorney fees, and creditor meeting notes (.5); review of release of lien on IRS, Offer and Compromise, and amounts owed (.5); prepared Amended Plan and Amended Schedules I and J (.5); phone conference with client regarding income, expenses, amounts owed to IRS, Offer and Compromise, and unsecured amounts (.2) | ST | 1.70 | $150.00 | $255.00 | $191.25 | $63.75 | R |
| 21 | 12/10/2018 | PosPCC | continued phone conference with client regarding amounts owed to IRS, Offer and Compromise, and unsecured amounts | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | R |
| 22 | 12/10/2018 | TC | review of tax appraisals; communications with Ch 13 Trustee's Office regarding tax appraisals | ST | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |
| 23 | 12/10/2018 | PosPCC | review document received by client from the IRS and claim filed (.2); conference regarding amendments and confirmation hearing (.2) | NPL | 0.40 | $325.00 | $130.00 | $104.00 | $26.00 | R |
| 24 | 12/11/2018 | SP | review of IRS tax issues and offer in compromise, appears to be paid, call to IRS | RB | 0.50 | $375.00 | $187.50 | $150.00 | $37.50 | R |
| 25 | 12/11/2018 | SP | review of IRS tax issues and offer in compromise, appears to be paid, call to IRS | SLK | 0.50 | $365.00 | $182.50 | $146.00 | $36.50 | R |
| 26 | 12/12/2018 | Amend. | email regarding amendments and upcoming confirmation hearing | RB | 0.10 | $325.00 | $32.50 | $26.00 | $6.50 | IOC/V |
| 27 | 12/13/2018 | CO/V | issues with offer and compromise with IRS, objection to IRS claim | RB | 0.30 | $375.00 | $112.50 | $84.38 | $28.13 | V |
| 28 | 12/13/2018 | CH | telephone conference with client regarding IRS claim and amendments for confirmation hearing (.3); emails regarding IRS claim and confirmation hearing (.1) | NPL | 0.40 | $325.00 | $130.00 | $97.50 | $32.50 | R |
| 29 | 12/13/2018 | SP | continued review of proof of claims, objections to confirmation, last plan filed, schedules, offer and compromise, timely filing of tax returns, timely payments, and trustee payments (.5); corrections to amended plan (.2); prepared amended schedules A, B, C, I, and J (.4); prepared response to motion to dismiss (.2); communications with client regarding financial management course, amendments, offer and compromise, timely filing of tax returns, timely payments, income, and expenses (.5) | ST | 1.80 | $150.00 | $270.00 | $202.50 | $67.50 | D |
| 30 | 12/13/2018 | CO/V | phone conferences with IRS regarding offer and compromise, amounts owed, timely payments, timely filing of tax returns, default, and completion of chapter 13 | ST | 0.40 | $150.00 | $60.00 | $45.00 | $15.00 | D |
| 31 | 12/13/2018 | CC | communications with accountant regarding offer and compromise, accounts owed, timely payments, timely filing of tax returns, default and proof of claim filed by IRS | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | D |
| 32 | 12/14/2018 | PosPCC | multiple communications with client regarding amendments and objection to claim (.6), phone conference with client regarding unpaid 2017 taxes, proof of payment, communications with IRS, and possible objection (.3), phone conferences with client regarding amendments, communications with Harris County, property taxes, transfer of property into his name, possible surrender of property, and trustee payments (.5) | ST | 1.40 | $150.00 | $210.00 | $157.50 | $52.50 | L/V |
| 33 | 12/14/2018 | OTC | phone conference with attorney for Harris County regarding status of amendments and objection to confirmation | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 34 | 12/14/2018 | CO/V | prepared objection to claim of IRS, unsworn declaration, and proposed order | ST | 0.50 | $150.00 | $75.00 | $56.25 | $18.75 | D |
| 35 | 12/14/2018 | CC | call to IRS regarding application of funds | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | D |
| 36 | 12/14/2018 | SP | preparation for confirmation/dismissal hearing | ST | 0.50 | $150.00 | $75.00 | $60.00 | $15.00 | V |
| 37 | 12/14/2018 | CC | phone conference with Harris County regarding status of amended claim | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 38 | 12/14/2018 | Amend. | review proofs of claim filed in case (.2), review amended schedules A, B, C, I, J, plan, objection to claim filed by IRS (.6) | NPL | 0.80 | $325.00 | $260.00 | $195.00 | $65.00 | R |
| 39 | 12/15/2018 | SP | redlining and electronic filing of amended plan and amended schedules A, B, C, I, and J (.3); electronic filing of objection to claim of IRS and all attachments and response to motion to dismiss (.2); continued preparation for confirmation/dismissal hearing (.2) | ST | 0.70 | $150.00 | $105.00 | $78.75 | $26.25 | R |

## Glossary

| Code | Description |
|---|---|
| IOC/V | Interoffice communications, vague: reduced by 20 % |
| V&E | Vague and excessive, reduced by 5 % |
| D | Duplicate work, reduced by 25 % |
| L/V | Lumped and/or vague, reduced by 25% |
| R | Redundant work, reduced by 25% |
| W | Wheeler claims, reduced by 20% |
| U/E | Unnecessary and/or excessive, reduced by 25% |
| ND | No deduction |
| V | Vague, reduced by 25% |

## Attorneys

| Code | Name |
|---|---|
| SLK | Kapp, Sonya L. |
| NPL | Lopez-Pagan, Nikie |
| YL | Lila, Yesenia |
| KW | Wright, Katherine |
| TJC | Chandler, Tammy J |
| RB | Baker, Renee |
| DW | Wright, Dee |
| ST | Taylor, Susanne |
| GM | Martinez, Gabby |
| AC | Cruz, Alfredo |
| KR | Rose, Karen |

## Task Description

| Code | Description |
|---|---|
| PrePCC | Pre-Petition Client Consultation |
| SP | Schedules, Plan |
| TC | Trustee Contact |
| CM 341 | Creditors Meeting/341 |
| OTC | Objection to Confirmation |
| PosPCC | Post-Petition Client Consultation |
| Amend. | Amendments |
| CO/V | Claim Objections/Valuations |
| CH | Confirmation Hearing |
| CC | Creditor Contact |
| POC Rev. | Proof of Claim Review |
| MTD | Motion to Dismiss |
| S/R/Disp. | Sale/Refinancing/Disp. of Assets |
| Fee Prep. | Fee Application Preparation |
| Adv. | Adversary |

## Entries

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 40 | 12/17/2018 | CH | preparation and appearance at confirmation hearing (.8); meeting with client regarding property taxes claim, ad valorem tax reserve, objection to IRS claim and trustee payments (.3) | NPL | 1.10 | $325.00 | $357.50 | $268.13 | $89.38 | R |
| 41 | 12/17/2018 | SP | review of result of confirmation hearing and possible amendments | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | V |
| 42 | 12/17/2018 | CO/V | prepared and mailed objection to claim of the IRS to the IRS, the US Attorney, and the US Attorney General | KW | 0.60 | $125.00 | $75.00 | $60.00 | $15.00 | R |
| 43 | 12/20/2018 | Amend. | meeting regarding amendments and IRS objection | NPL | 0.10 | $325.00 | $32.50 | $26.00 | $6.50 | IOC/V |
| 44 | 12/21/2018 | POC Rev. | review of proof of claim filed by Greater Southeast Management, possible objection, and last plan filed | ST | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |
| 45 | 1/4/2019 | SP | email to special counsel on personal injury case regarding motion to approve settlement, debtor's plan and schedules | NPL | 0.30 | $325.00 | $97.50 | $73.13 | $24.38 | V |
| 46 | 1/15/2019 | CO/V | email regarding IRS claim objection hearing | NPL | 0.10 | $325.00 | $32.50 | $26.00 | $6.50 | IOC/V |
| 47 | 1/17/2019 | SP | review of proof of claims, objection to confirmation, trustee payments, status of e-pay, last plan filed, schedules, hearing notes, property taxes, and attorney fees (.5); communication with client regarding trustee payments, proof of payments, e-pay, instructions for e-pay, possible amendments, property taxes, reserve for property taxes, transfer of deed for mortgage, upcoming hearing, and attendance at hearing (.5); prepared amended plan (.3) | ST | 1.30 | $150.00 | $195.00 | $146.25 | $48.75 | D |
| 48 | 1/17/2019 | PosPCC | continued phone conference with client regarding proof of payment | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | D |
| 49 | 1/18/2019 | SP | review of motion to stay and order denying motion | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | V |
| 50 | 1/21/2019 | CO/V | gathered, labeled, and redacted exhibits (.3); phone conference with client regarding exhibits, additional information needed, and upcoming hearing (.2); prepared exhibit exhibit list (.2) | ST | 0.70 | $150.00 | $105.00 | $105.00 | $0.00 | ND |
| 51 | 1/21/2019 | PosPCC | phone conference with client regarding extensions for income taxes, transfer of deed, and proof of payment | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 52 | 1/21/2019 | CO/V | electronic filing of exhibit/witness list; communications with IRS and counsel for IRS regarding exhibit/witness list and all exhibits | ST | 0.40 | $150.00 | $60.00 | $48.00 | $12.00 | R |
| 53 | 1/21/2019 | SP | prepared amended schedule F (.2), reviewed for accuracy and corrections to amended plan and amended schedule F (.2) | ST | 0.40 | $150.00 | $60.00 | $48.00 | $12.00 | D |
| 54 | 1/21/2019 | SP | multiple searches for transfer of property | AC | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 55 | 1/21/2019 | SP | redacted 2017 tax return | KW | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 56 | 1/21/2019 | Amend. | emails regarding motion to approve settlement to be filed by personal injury counsel (.3); emails and meeting regarding amended plan, schedule F, and Harris County claim (.3) | NPL | 0.60 | $325.00 | $195.00 | $146.25 | $48.75 | D |
| 57 | 1/21/2019 | SP | confirmation issues, tax issues, planning (.3); further review of issues for confirmation involving refusal of Harris County to allow change in ownership due to account not being current (.2) | RB | 0.50 | $375.00 | $187.50 | $140.63 | $46.88 | D |
| 58 | 1/22/2019 | SP | old medical pills, old proofs of claim regarding objections, disputing claims, planning for claims | RB | 0.50 | $375.00 | $187.50 | $140.63 | $46.88 | D |
| 59 | 1/22/2019 | CO/V | communications on exhibit books for hearing; prepared exhibit books for hearing | KW | 0.50 | $125.00 | $62.50 | $50.00 | $12.50 | IOC/V |
| 60 | 1/22/2019 | SP | prepared exhibit books for court appearance; objections to claim from IRS | YL | 0.50 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 61 | 1/22/2019 | SP | several communications with client regarding amendments, trustee payments, e-pay, upcoming hearing, attendance at hearing, and medical pills (.5); several corrections to amended plan and amended schedule F (.5); preparation for confirmation/dismissal hearing (.2); phone conference with attorney for Harris County regarding status of amendments and transfer of property (.1) | ST | 1.30 | $150.00 | $195.00 | $146.25 | $48.75 | D |
| 62 | 1/23/2019 | MTD | prepared and attended dismissed hearing; reset objection to claim hearing | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | D |
| 63 | 1/23/2019 | CH | continued preparation for confirmation/dismissal hearing | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | R |
| 64 | 1/23/2019 | SP | review of result of confirmation/dismissal hearing, 14 day order, e-pay, and payment issues | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | V |
| 65 | 1/24/2019 | PosPCC | review of status of trustee payments and 14 day order; phone conference with client regarding trustee payments, e-pay, and status of signed amendments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 66 | 1/28/2019 | PosPCC | phone conference with client regarding status of signed amendments, exemptions, amounts owed to IRS, and property taxes | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 67 | 1/30/2019 | PosPCC | client consultation concerning the signature page of amended plan and discussed his trustee payments | DW | 0.30 | $125.00 | $37.50 | $28.13 | $9.38 | D |
| 68 | 1/30/2019 | SP | review of status of signed amended plan | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 69 | 1/31/2019 | PosPCC | called client concerning his signature on amended plan, emailed the amended plan to him with instructions | DW | 0.20 | $125.00 | $25.00 | $18.75 | $6.25 | D |
| 70 | 2/4/2019 | SP | review of trustee payments, e-pay, and upcoming hearing | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | V |
| 71 | 2/5/2019 | SP | prepared amended plan and amended schedule E/F; e-filed amended plan and amended schedule E/F and added 3 creditors to creditor maintenance | DW | 1.00 | $125.00 | $125.00 | $93.75 | $31.25 | D |
| 72 | 2/5/2019 | PosPCC | phone conference with client regarding trustee payments, e-pay, and issues with e-pay; submitted e-pay for client | ST | 0.40 | $150.00 | $60.00 | $45.00 | $15.00 | D |
| 73 | 2/5/2019 | CO/V | prepared notice of hearing on objection to claim of IRS | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 74 | 2/6/2019 | PosPCC | client consultation concerning his trustee payments | DW | 0.20 | $125.00 | $25.00 | $18.75 | $6.25 | D |
| 75 | 2/11/2019 | CO/V | electronic filing of Notice of Hearing on Objection to Claim of IRS | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 76 | 2/26/2019 | CO/V | brief of IRS, issues in case | RB | 0.30 | $375.00 | $112.50 | $84.38 | $28.13 | V |
| 77 | 2/27/2019 | PosPCC | phone conference to client regarding proof of extension, trustee payments, upcoming hearing, and proof of payments | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 78 | 2/27/2019 | CO/V | review background regarding objection to IRS claim (1.1); research regarding bankruptcy status of offers in compromise (1); draft brief in support of objection to IRS claim (2.3) | KR | 4.40 | $350.00 | $1,540.00 | $1,155.00 | $385.00 | E/R |
| 79 | 2/28/2019 | CO/V | review of exhibits for brief | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | R |
| 80 | 2/28/2019 | CO/V | review, finalize brief with exhibits, file brief with exhibits | RB | 0.90 | $375.00 | $337.50 | $253.13 | $84.38 | R |
| 81 | 3/5/2019 | SP | review of status of trustee payments, upcoming hearing, payment records, and possible amended plan; phone conference from client regarding trustee payments, employment issues, income, and possible amended plan | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | L/V |
| 82 | 3/5/2019 | CO/V | continued review of hearing notes, brief filed by IRS, extension to file tax return, extensions for payment, trustee payments, possible amended plan | ST | 0.50 | $150.00 | $75.00 | $56.25 | $18.75 | D |

| | | Glossary | | Attorneys | | Task Description | |
|---|---|---|---|---|---|---|---|
| | IOC/V | Interoffice communications, vague: reduced by 20 % | SLK | Kapp, Sonya L. | PrePCC | Pre-Petition Client Consultation | |
| | V&E | Vague and excessive, reduced by 25 % | NPL | Lopez-Pagan, Nikie | SP | Schedules, Plan | |
| | D | Duplicate work, reduced by 25 % | YL | Lila, Yesenia | TC | Trustee Contact | |
| | L/V | Lumped and/or vague, reduced by 25% | KW | Wright, Katherine | CM 341 | Creditors Meeting/341 | |
| | R | Redundant work, reduced by 25% | TJC | Chandler, Tammy J | OTC | Objection to Confirmation | |
| | W | Wheeler claims, reduced by 20% | RB | Baker, Reese | PosPCC | Post-Petition Client Consultation | |
| | U/E | Unnecessary and/or excessive, reduced by 25% | DW | Wright, Dee | Amend. | Amendments | |
| | ND | No deduction | ST | Taylor, Susanne | CO/V | Claim Objections/Valuations | |
| | V | Vague, reduced by 25% | GM | Martinez, Gabby | CH | Confirmation Hearing | |
| | | | AC | Cruz, Alfredo | CC | Creditor Contact | |
| | | | KR | Rose, Karen | POC Rev. | Proof of Claim Review | |
| | | | | | MTD | Motion to Dismiss | |
| | | | | | S/R/Disp. | Sale/Refinancing/Disp. of Assets | |
| | | | | | Fee Prep. | Fee Application Preparation | |
| | | | | | Adv. | Adversary | |

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 83 | 3/5/2019 | PosPCC | communications to client regarding brief filed by IRS and guidelines for an extension of time | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 84 | 3/5/2019 | CO/V | review of issues on income tax payments, amounts due under offer in compromise | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | R |
| 85 | 3/6/2019 | PosPCC | phone conference to client regarding status of trustee payments and pay advices | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 86 | 3/6/2019 | CO/V | research regarding breach of OIC (1.8); research regarding statute of limitations on tax collection (.7); research and communication regarding same (.9); draft response to IRS brief (2.2) | KR | 5.60 | $350.00 | $1,960.00 | $1,470.00 | $490.00 | U/E |
| 87 | 3/7/2019 | SP | review of pay advices, settlement amounts, and trustee payments | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | V |
| 88 | 3/8/2019 | PosPCC | phone conference t client regarding trustee payment amount, proof of payment, clear copies of pay advices, and extension for payment of taxes | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 89 | 3/12/2019 | SP | redacted and electronic filing of pay advices | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 90 | 3/13/2019 | PosPCC | phone conference from client regarding issues with e-pay and trustee payments; submitted e-pay for client | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 91 | 3/18/2019 | SP | review of entire case, most recently filed plan, trustee pay history and all notes & docket entries from previous hearings in preparation for confirmation hearing (1); review of all information, documentation, exhibit, briefs regarding objection to IRS claim (1.5); preparation for inducing testimony and making argument on IRS issue (.8) | SLK | 3.30 | $365.00 | $1,204.50 | $903.38 | $301.13 | U/E |
| 92 | 3/18/2019 | SP | review of trustee payments, delinquent accounts, proof of claim filed by IRS, last plan filed, income, extension, statute of limitations, and exhibits (.6); preparation for confirmation/dismissal hearing (.3) | ST | 0.90 | $150.00 | $135.00 | $101.25 | $33.75 | U/E |
| 93 | 3/18/2019 | PosPCC | phone conference to client regarding reminder of upcoming hearing, status of trustee payments, proof of payments, statute of limitations for amounts owed to IRS, and proof of extension for payment to the IRS | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 94 | 3/18/2019 | PosPCC | phone conferences to client regarding issues with e-pay trustee payments, and password; submitted payments by e-pay for client and updated password | ST | 0.30 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 95 | 3/18/2019 | CO/V | issues with offer in compromise, surrender of property, amendments to plan, possible amendments for IRS (.3) review of issues with plan, complete and file reply brief with IRS issues (.4) | RB | 0.70 | $375.00 | $262.50 | $196.88 | $65.63 | D |
| 96 | 3/19/2019 | CH | travel, meet with trustee, wait for hearing, consultation with client, follow up notes to file (.6); appearance at confirmation hearing, hearing continued (.2) | SLK | 0.80 | $365.00 | $292.00 | $219.00 | $73.00 | D |
| 97 | 3/19/2019 | PosPCC | phone conference from client regarding result of confirmation/dismissal hearing, assessment date for tax returned, statute of limitations, trustee payments, and deadlines | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 98 | 3/19/2019 | PosPCC | phone conference to client regarding deadlines, trustee payments, amounts owed to Harris County, and possible surrender of property | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 99 | 3/20/2019 | CO/V | prepare appendix to response to IRS brief (1); research regarding IRS procedures for defaulting offer in compromise (2); communication regarding objection to IRS claim (3) | KR | 6.00 | $350.00 | $2,100.00 | $1,575.00 | $525.00 | E/R |
| 100 | 3/21/2019 | CO/V | review of documents to support reply brief | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | V |
| 101 | 3/29/2019 | PosPCC | phone conference to client regarding status of trustee payments, deadline to pay, and upcoming hearing | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 102 | 3/29/2019 | CO/V | review with attorney deadline to file support documents, possible amended reply, and support documents | ST | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 103 | 3/29/2019 | CO/V | file documents to support response, review of the arguments and brief for IRS | RB | 0.30 | $375.00 | $112.50 | $84.38 | $28.13 | D |
| 104 | 4/1/2019 | PosPCC | phone conference with client regarding deadline for trustee payment, payment to accountant, amounts owed to IRS, and upcoming hearing | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 105 | 4/8/2019 | CO/V | review of brief with IRS manual excerpts and arguments | RB | 0.60 | $375.00 | $225.00 | $168.75 | $56.25 | D |
| 106 | 4/8/2019 | CO/V | review of supplemental brief | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 107 | 4/8/2019 | CO/V | prepare brief to submit with additional authorities regarding IRS claim (4.1); review and comment on changes to brief (.2) | KR | 4.30 | $350.00 | $1,505.00 | $1,128.75 | $376.25 | D |
| 108 | 4/9/2019 | CO/V | reformat appendix of authorities for objection to IRS claim for electronic filing | KR | 0.20 | $350.00 | $70.00 | $52.50 | $17.50 | D |
| 109 | 4/9/2019 | CO/V | corrections to supplemental brief; electronic filing of supplemental brief | ST | 0.40 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 110 | 4/9/2019 | PosPCC | call to client regarding trustee payments (.1); communications to client regarding trustee payments, e-pay, login information, personal check, mailing of payments, and deadline to pay; submitted e-pay for client (.3) | ST | 0.40 | $150.00 | $60.00 | $60.00 | $0.00 | ND |
| 111 | 4/9/2019 | CO/V | communications to attorney for IRS regarding supplemental brief | ST | 0.10 | $150.00 | $15.00 | $12.00 | $3.00 | IOC/V |
| 112 | 4/9/2019 | CO/V | finalize and brief | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | V |
| 113 | 4/22/2019 | PosPCC | phone conference from client regarding sale of property, liens on property and documents received (.2); phone conference to client regarding communications with attorney for Harris County (.1) | ST | 0.30 | $150.00 | $45.00 | $36.00 | $9.00 | W |
| 114 | 4/22/2019 | PosPCC | phone conference from client's friend regarding sign posted on property | ST | 0.10 | $150.00 | $15.00 | $12.00 | $3.00 | W |
| 115 | 4/22/2019 | CC | communications to attorney for Harris County regarding sale of property, sign posted on property, and status | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 116 | 5/2/2019 | PosPCC | phone conference: client called to discuss his trustee payments | DW | 0.20 | $125.00 | $25.00 | $18.75 | $6.25 | D |
| 117 | 5/15/2019 | PosPCC | communications to client regarding trustee payments, proof of payments, upcoming hearing, attendance at hearing, and e-pay information | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 118 | 5/20/2019 | CH | in preparation for confirmation/dismissal hearing, review of case docket including briefs by the IRS and debtor | NPL | 0.40 | $325.00 | $130.00 | $97.50 | $32.50 | D |
| 119 | 5/20/2019 | PosPCC | communications to client regarding status of trustee payments, truck repairs, upcoming hearing, and plan for trustee payments (.2), submitted e-pay for client (.1); preparation for confirmation hearing (.3) | ST | 0.60 | $150.00 | $90.00 | $67.50 | $22.50 | L/V |
| 120 | 5/21/2019 | SP | continued preparation for confirmation/dismissal hearing | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | V |
| 121 | 5/21/2019 | CH | appearance at confirmation/dismissal hearing (.2); meeting with client regarding trustee payments (.2) | NPL | 0.40 | $325.00 | $130.00 | $97.50 | $32.50 | D |
| 122 | 5/29/2019 | SP | review of opinion and possible amendments | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | V |

| | | Glossary | | Attorneys | | Task Description | |
|---|---|---|---|---|---|---|---|
| | IOC/V | Interoffice communications, vague: reduced by 20 % | SLK | Kapp, Sonya L. | PrePCC | Pre-Petition Client Consultation | |
| | V&E | Vague and excessive, reduced by 25 % | NPL | Lopez-Pagan, Nikie | SP | Schedules, Plan | |
| | D | Duplicate work, reduced by 25 % | YL | Lila, Yesenia | TC | Trustee Contact | |
| | L/V | Lumped and/or vague, reduced by 25% | KW | Wright, Katherine | CM 341 | Creditors Meeting/341 | |
| | R | Redundant work, reduced by 25% | TJC | Chandler, Tammy J | OTC | Objection to Confirmation | |
| | W | Wheeler claims, reduced by 20% | RB | Baker, Renea | PosPCC | Post-Petition Client Consultation | |
| | U/E | Unnecessary and/or excessive, reduced by 25% | DW | Wright, Dee | Amend. | Amendments | |
| | ND | No deduction | ST | Taylor, Susanne | CO/V | Claim Objections/Valuations | |
| | V | Vague, reduced by 25% | GM | Martinez, Gabby | CH | Confirmation Hearing | |
| | | | AC | Cruz, Alfredo | CC | Creditor Contact | |
| | | | KR | Rose, Karen | POC Rev. | Proof of Claim Review | |
| | | | | | MTD | Motion to Dismiss | |
| | | | | | S/R/Disp. | Sale/Refinancing/Disp. of Assets | |
| | | | | | Fee Prep. | Fee Application Preparation | |
| | | | | | Adv. | Adversary | |

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 123 | 6/10/2019 | PosPCC | phone conferences from client regarding status of trustee payments, order on claim objection, and motion to dismiss | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 124 | 6/11/2019 | PosPCC | phone conference from client regarding status of case, trustee payments, and issues with e-pay; helped client with epay login | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | D |
| 125 | 6/11/2019 | CO/V | review of order on claim objection by court; review | RB | 0.30 | $375.00 | $112.50 | $84.38 | $28.13 | V |
| 126 | 6/12/2019 | PosPCC | communications to client regarding opinion on objection to claim of IRS | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | D |
| 127 | 6/12/2019 | CO/V | review opinion regarding tax claim and research treatment of contingent claims in chapter 13 plan (2.2); review standard chapter 13 plan (1.4) | KR | 3.60 | $350.00 | $1,260.00 | $945.00 | $315.00 | D |
| 128 | 6/13/2019 | CO/V | communication regarding treatment of contingent tax claim in chapter 13 plan | KR | 1.60 | $350.00 | $560.00 | $448.00 | $112.00 | IOC/V |
| 129 | 6/13/2019 | PosPCC | phone conference to client regarding issues with e-pay, treatment of IRS claim, offer and compromise, and possible amended plan; submitted epay payment for client | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 130 | 6/18/2019 | CO/V | read and analyze opinion and order regarding objection to IRS claim | NPL | 0.60 | $325.00 | $195.00 | $146.25 | $48.75 | D |
| 131 | 6/21/2019 | CO/V | email regarding opinion and order denying debtor's objection to IRS claim, amendment to plan, and confirmation/dismissal hearing | NPL | 0.30 | $325.00 | $97.50 | $73.13 | $24.38 | D |
| 132 | 6/21/2019 | PosPCC | assisted with epay payment to the trustee | DW | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 133 | 6/24/2019 | SP | review of letter from employer regarding employment and status of company | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 134 | 6/24/2019 | SP | communications regarding special provision, amended plan, amended schedules E/F, income, trustee payments, notice regarding employment, and objection to IRS | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | IOC/V |
| 135 | 6/24/2019 | PosPCC | phone conferences to client regarding possible amendments, objection to property claim of IRS, trustee payments, upcoming hearing, attendance at hearing, status of employment, and special provision | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | D |
| 136 | 6/24/2019 | PosPCC | email communications to client regarding amended plan, amended schedule E/F, and objection to priority claim of IRS | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | D |
| 137 | 6/24/2019 | SP | review of all medical proof of claims for statute of limitations, settlement, status of trustee payments, and last plan filed (.4); prepared amended plan and amended schedules E/F (.4); prepared objection to priority claim of IRS, proposed order, and unsworn declaration (.4); prepared notice regarding employment status (.2) | ST | 1.40 | $150.00 | $210.00 | $157.50 | $52.50 | D |
| 138 | 6/24/2019 | SP | corrections to amended plan and amended schedule E/F | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 139 | 6/24/2019 | SP | preparation for confirmation/dismissal hearing | ST | 0.40 | $150.00 | $60.00 | $45.00 | $15.00 | V |
| 140 | 6/24/2019 | SP | review proposed plan | KR | 0.10 | $350.00 | $35.00 | $26.25 | $8.75 | D |
| 141 | 6/24/2019 | SP | review of opinion of Judge Isgur, review of notes, research, draft special provisions for plan for IRS (2.7), payment issues under plan (.3); further review of plan amendments, review of insurance settlement and medical claims (.5), review of notice of change of employment (.1), further work on plan, IRS issues, review settlement on medical claims and medical claims in case, objections to claims (.8) | RB | 4.40 | $375.00 | $1,650.00 | $1,237.50 | $412.50 | E/R |
| 142 | 6/24/2019 | CH | in preparation for appearance at confirmation/dismissal hearing, review court's opinion concerning denial of objection to IRS claim and amended plan prepared with non-standard provision for payment to the IRS 9.5); communication regarding special provision for the IRS claim, trustee payments and hearing (.3) | NPL | 0.80 | $325.00 | $260.00 | $195.00 | $65.00 | E/R |
| 143 | 6/25/2019 | CH | appearance at confirmation/dismissal hearing (1.5); meeting with client regarding feasibility of plan, possible sale of Wheeler property, trustee payments, employment changes (.5) (Client had vehicle problems, the case was called before the client arrived at the courthouse. The Judge recalled the case after to hear client's testimony regarding feasibility to make payments. We had to wait for a while for the case to be recalled) | NPL | 2.00 | $325.00 | $650.00 | $487.50 | $162.50 | D |
| 144 | 6/25/2019 | MTD | review of issues on budget and income opinions for hearing | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | V |
| 145 | 6/25/2019 | PosPCC | phone conference from client regarding result of confirmation/dismissal hearing, trustee payments, possible sale of Wheeler property, and contract for sale | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 146 | 6/25/2019 | SP | redlined amended plan and amended schedules E/F | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 147 | 6/28/2019 | Amend. | emails regarding amendments to plan and IRS provision | NPL | 0.10 | $325.00 | $32.50 | $24.38 | $8.13 | D |
| 148 | 7/3/2019 | PosPCC | phone conference from client regarding sale of home, deeds to property, trustee payments, property taxes, amendments, and upcoming hearing | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 149 | 7/3/2019 | SP | communication regarding amendments to plan | NPL | 0.10 | $325.00 | $32.50 | $26.00 | $6.50 | IOC/V |
| 150 | 7/10/2019 | Amend. | telephone conference with client regarding possible sale of Wheeler property, events prior to hearing, amendments, trustee payments, and upcoming confirmation/dismissal hearing (.4); notes and email regarding possible sale of property and amended plan (.2) | NPL | 0.60 | $325.00 | $195.00 | $146.25 | $48.75 | D |
| 151 | 7/11/2019 | PosPCC | phone conference from client regarding possible sale of property, amended plan, upcoming hearing, trustee payments, and status of employment | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 152 | 7/15/2019 | CO/V | correction to objection claim of IRS | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | V |
| 153 | 7/15/2019 | SP | prepared amended plan; prepared amended schedules A/B/C | ST | 0.50 | $150.00 | $75.00 | $75.00 | $0.00 | ND |
| 154 | 7/15/2019 | CO/V | prepared objections to claims of claims 1-6 (.5); prepared proposed order on objections to claims 1-6 (.3); prepared declarations on objections to claims 1-6 (.3); saved and redacted exhibits to objections to claims 1-6 (.2) | ST | 1.30 | $150.00 | $195.00 | $146.25 | $48.75 | D |
| 155 | 7/15/2019 | SP | corrections to amended plan; communications to client regarding amendments | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | D |
| 156 | 7/15/2019 | CO/V | phone conference from client regarding amendments and objections to claims | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | D |
| 157 | 7/15/2019 | SP | review of plan amendments and income issues | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | V |
| 158 | 7/15/2019 | Amend. | communications regarding amended plan provision for sale of real property and upcoming confirmation/dismissal hearing | NPL | 0.20 | $325.00 | $65.00 | $52.00 | $13.00 | W |
| 159 | 7/16/2019 | CO/V | review of objections to 6 proofs of claims by Ashley, changes and corrections | RB | 0.50 | $375.00 | $187.50 | $140.63 | $46.88 | D |

| Glossary | | | Attorneys | | Task Description | |
|---|---|---|---|---|---|---|
| | IOC/V | Interoffice communications, vague; reduced by 20 % | SLK | Kapp, Sonya L. | PrePCC | Pre-Petition Client Consultation |
| | V&E | Vague and excessive, reduced by 25 % | NPL | Lopez-Pagan, Nikie | SP | Schedules, Plan |
| | D | Duplicate work, reduced by 25 % | YL | Lila, Yesenia | TC | Trustee Contact |
| | L/V | Lumped and/or vague, reduced by 25% | KW | Wright, Katherine | CM 341 | Creditors Meeting/341 |
| | R | Redundant work, reduced by 25% | TJC | Chandler, Tammy J | OTC | Objection to Confirmation |
| | W | Wheeler claims, reduced by 20% | RB | Baker, Reese | PosPCC | Post-Petition Client Consultation |
| | U/E | Unnecessary and/or excessive, reduced by 25% | DW | Wright, Dee | Amend. | Amendments |
| | ND | No deduction | ST | Taylor, Susanne | CO/V | Claim Objections/Valuations |
| | V | Vague, reduced by 25% | GM | Martinez, Gabby | CH | Confirmation Hearing |
| | | | AC | Cruz, Alfredo | CC | Creditor Contact |
| | | | KR | Rose, Karen | POC Rev. | Proof of Claim Review |
| | | | | | MTD | Motion to Dismiss |
| | | | | | S/R/Disp. | Sale/Refinancing/Disp. of Assets |
| | | | | | Fee Prep. | Fee Application Preparation |
| | | | | | Adv. | Adversary |

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 160 | 7/16/2019 | PosPCC | phone conference and email communication to client regarding amendments and objections to claims; one phone call and seven emails | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | D |
| 161 | 7/17/2019 | PosPCC | phone conference to client regarding interest in Wheeler Property, Deed, interested parties, and sale of property | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 162 | 7/17/2019 | SP | review of pay advices, income, and expenses (.2); corrections to amended plan (.3); phone conference to client regarding income, expenses, and amendments, and objections to claims (.2); email communications to client regarding amendments (.1) | ST | 0.80 | $150.00 | $120.00 | $90.00 | $30.00 | D |
| 163 | 7/17/2019 | SP | email regarding amended plan, sale of Wheeler property, and hearing (.2); telephone conference with client regarding sale of property, amendments, trustee payment, confirmation hearing (.4); review additional documents provided by client regarding ownership of Wheeler property, communication regarding documents and hearing (.3) | NPL | 0.90 | $325.00 | $292.50 | $234.00 | $58.50 | W |
| 164 | 7/17/2019 | SP | review plan issues, property to be sold, claim objections, etc. | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | V |
| 165 | 7/18/2019 | Amend. | telephone conference with client regarding amendments, trustee payment, confirmation hearing (.3); communication and email regarding signing of amendments by client and hearing (.3) | NPL | 0.60 | $325.00 | $195.00 | $146.25 | $48.75 | D |
| 166 | 7/18/2019 | SP | saved pay advices, signed amended pages, signed objection to claims pages, and property documents; several emails | ST | 2.00 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 167 | 7/18/2019 | PosPCC | three phone conferences to client regarding missing signature pages, upcoming hearing, and proof of payments | ST | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |
| 168 | 7/18/2019 | SP | reviewed all signature pages and missing pages; separated missing pages; email communications to client regarding missing pages | ST | 0.40 | $150.00 | $60.00 | $60.00 | $0.00 | ND |
| 169 | 7/18/2019 | SP | redlining and electronic filing of amended plan and amended schedules A/B/C/E/F (.3); electronic filing of objection to claim of IRS, proposed order an unsworn declaration (.1) | ST | 0.40 | $150.00 | $60.00 | $60.00 | $0.00 | ND |
| 170 | 7/18/2019 | CO/V | electronic filing of objection to claim 1 of Ashley Funding, proposed order, exhibit, and unsworn declaration; communications with Ashley Funding regarding copy of objection and all attachments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 171 | 7/18/2019 | CO/V | electronic filing of objection to Claim 2 of Ashley Funding, Proposed Order, Exhibit, and unsworn declaration; communication with Ashley Funding regarding copy of objection and all attachments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 172 | 7/18/2019 | CO/V | electronic filing of objection to Claim 3 of Ashley Funding, Proposed Order, Exhibit, and unsworn declaration; communication with Ashley Funding regarding copy of objection and all attachments | ST | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |
| 173 | 7/18/2019 | CO/V | electronic filing of objection to Claim 4 of Ashley Funding, Proposed Order, Exhibit, and unsworn declaration; communication with Ashley Funding regarding copy of objection and all attachments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 174 | 7/18/2019 | CO/V | electronic filing of objection to Claim 5 of Ashley Funding, Proposed Order, Exhibit, and unsworn declaration; communication with Ashley Funding regarding copy of objection and all attachments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 175 | 7/18/2019 | CO/V | electronic filing of objection to Claim 6 of Ashley Funding, Proposed Order, Exhibit, and unsworn declaration; communication with Ashley Funding regarding copy of objection and all attachments | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 176 | 7/22/2019 | SP | preparation for confirmation/dismissal hearing | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | V |
| 177 | 7/22/2019 | PosPCC | phone conference from client regarding trustee payments and e-pay; submitted e-pay for clint | ST | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |
| 178 | 7/22/2019 | CH | preparation for appearance at confirmation/dismissal hearing | NPL | 0.40 | $325.00 | $130.00 | $97.50 | $32.50 | V |
| 179 | 7/23/2019 | CH | appearance at confirmation hearing (.4); communication with client regarding amended plan filed, trustee payments, and special setting for confirmation hearing (.2) | NPL | 0.60 | $325.00 | $195.00 | $146.25 | $48.75 | D |
| 180 | 7/23/2019 | MTD | continued preparation for confirmation/dismissal hearing | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | V |
| 181 | 7/23/2019 | S/R/Disp. | phone conference from client regarding contract for sale of home and issues with buyer; communication regarding sale of home and realtor | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 182 | 7/24/2019 | SP | issues with plan and IRS | RB | 0.10 | $375.00 | $37.50 | $28.13 | $9.38 | V |
| 183 | 7/26/2019 | SP | prepared notice of hearing for all matters | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 184 | 7/29/2019 | CC | email communication to Ashley Funding/resurgent regarding notice of hearing; electronic filing for notice of hearing | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| 185 | 7/29/2019 | SP | review notice of hearing on amended plan, motion to dismiss, and various objections to claims | NPL | 0.20 | $325.00 | $65.00 | $48.75 | $16.25 | D |
| 186 | 7/31/2019 | CO/V | review of response filed by IRS and related documents | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 187 | 8/6/2019 | CO/V | review response to debtor's objection filed by the IRS (.3); telephone conference with client regarding IRS's response to objection, information obtained by client regarding IRS debt, and amended plan (.3); write notes regarding client communication (.1) | NPL | 0.70 | $325.00 | $227.50 | $170.63 | $56.88 | D |
| 188 | 8/6/2019 | CO/V | telephone conference with Mr. Kinchloe, counsel for the IRS regarding amended plan, offer and compromise, and IRS objection | NPL | 0.20 | $325.00 | $65.00 | $48.75 | $16.25 | D |
| 189 | 8/6/2019 | MTD | two phone conferences from client regarding motion to dismiss, status of claim of IRS, and status of sale of home | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 190 | 8/6/2019 | SP | prepared 100% amended plan | ST | 0.30 | $150.00 | $45.00 | $36.00 | $9.00 | W |
| 191 | 8/7/2019 | SP | emails regarding IRS claim and amendments | NPL | 0.10 | $325.00 | $32.50 | $26.00 | $6.50 | IOC/V |
| 192 | 8/7/2019 | PosPCC | telephone conference with client regarding IRS priority debt, objection to claim, and confirmation hearing | NPL | 0.30 | $325.00 | $97.50 | $73.13 | $24.38 | D |
| 193 | 8/9/2019 | PosPCC | meeting with client on case amendments, review, signing and review of budget | RB | 1.30 | $375.00 | $487.50 | $365.63 | $121.88 | D |
| 194 | 8/9/2019 | SP | corrections to amended plan and amended schedules I/J (.3); communications regarding unsecured claims, medical bills, upcoming objections to confirmation and IRS (.3); redlining and electronic filing of amended plan and amended schedules I/J (.3) | ST | 0.90 | $150.00 | $135.00 | $101.25 | $33.75 | D |
| 195 | 8/12/2019 | OTC | review of objection to confirmation filed by IRS | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 196 | 8/12/2019 | CC | call to Resurgent regarding claim objections and upcoming hearing | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 197 | 8/12/2019 | CO/V | objection by IRS on lack of feasibility, review (.3); communications with attorney for IRS, objection issues and 100% plan payment (.4) | RB | 0.70 | $375.00 | $262.50 | $196.88 | $65.63 | D |
| 198 | 8/13/2019 | CC | communications with IRS on status of case, exchange of information with Rich Kinchloe on plan confirmation issues (.6), motion to sell real property (.5) | RB | 1.10 | $375.00 | $412.50 | $309.38 | $103.13 | D |

| | | Glossary | | Attorneys | | Task Description | |
|---|---|---|---|---|---|---|---|
| | IOC/V | Interoffice communications, vague; reduced by 20 % | SLK | Kapp, Sonya L. | PrePCC | Pre-Petition Client Consultation | |
| | V&E | Vague and excessive, reduced by 25 % | NPL | Lopez-Pagan, Nikie | SP | Schedules, Plan | |
| | D | Duplicate work, reduced by 25 % | YL | Lila, Yesenia | TC | Trustee Contact | |
| | L/V | Lumped and/or vague, reduced by 25% | KW | Wright, Katherine | CM 341 | Creditors Meeting/341 | |
| | R | Redundant work, reduced by 25% | TJC | Chandler, Tammy J | OTC | Objection to Confirmation | |
| | W | Wheeler claims, reduced by 20% | RB | Baker, Reese | PosPCC | Post-Petition Client Consultation | |
| | U/E | Unnecessary and/or excessive, reduced by 25% | DW | Wright, Dee | Amend. | Amendments | |
| | ND | No deduction | ST | Taylor, Susanne | CO/V | Claim Objections/Valuations | |
| | V | Vague, reduced by 25% | GM | Martinez, Gabby | CH | Confirmation Hearing | |
| | | | AC | Cruz, Alfredo | CC | Creditor Contact | |
| | | | KR | Rose, Karen | POC Rev. | Proof of Claim Review | |
| | | | | | MTD | Motion to Dismiss | |
| | | | | | S/R/Disp. | Sale/Refinancing/Disp. of Assets | |
| | | | | | Fee Prep. | Fee Application Preparation | |
| | | | | | Adv. | Adversary | |

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 199 | 8/13/2019 | S/R/Disp. | phone conference from client regarding closing date, motion to sell, and contract for sale (.1); email communications to attorney for IRS regarding contract for sale (.1); prepared emergency motion to sell (.5); prepared order for emergency motion to sell (.1) | ST | 0.80 | $150.00 | $120.00 | $90.00 | $30.00 | D |
| 200 | 8/13/2019 | S/R/Disp. | phone conference to client regarding status of payment to title company for earnest money, proof of payment, and status of motion o sell | ST | 0.10 | $150.00 | $15.00 | $12.00 | $3.00 | W |
| 201 | 8/13/2019 | CC | phone conference with Resurgent Capital regarding objections to claims, response, upcoming hearing, and intentions | ST | 0.20 | $150.00 | $30.00 | $21.00 | $9.00 | D |
| 202 | 8/13/2019 | PosPCC | phone conference to client regarding sale of property, sale of proceeds, objection to confirmation filed by IRS, amended plan, trustee payments, purchase of BMW, vehicle payments, and custody of grandchildren; email communications to client regarding communications between attorney and attorney for IRS and objection to confirmation filed by IRS | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | L/V |
| 203 | 8/14/2019 | PosPCC | review of employment agreement with JB Hunt; phone conference to client regarding status of earnest money, income and broker | ST | 0.30 | $150.00 | $45.00 | $36.00 | $9.00 | W |
| 204 | 8/14/2019 | SP | issues on trustee motion to dismiss and payments, review of documents (.2); sale of property and status (.2); communications on sale of Wheeler with IRS and client (.3) | RB | 0.70 | $375.00 | $262.50 | $196.88 | $65.63 | D |
| 205 | 8/15/2019 | S/R/Disp. | phone conference to clint ad title company regarding status of earnest money and proof of sale | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 206 | 8/20/2019 | PosPCC | phone conference to client regarding trustee payments, amounts owed to IRS, trustee's recommendation, and communications with IRS (.2); review of status of trustee payments (.1) | ST | 0.30 | $150.00 | $45.00 | $33.75 | $11.25 | D |
| 207 | 8/20/2019 | CC | status of case, conf with attorney for IRS, call to client (.5), planning for hearing and evidence (.3) | RB | 0.80 | $375.00 | $300.00 | $225.00 | $75.00 | D |
| 208 | 8/21/2019 | SP | status of case, conf with attorney for IRS, call to client (.5), planning for hearing and evidence (.3) | RB | 0.80 | $375.00 | $300.00 | $225.00 | $75.00 | D |
| 209 | 8/21/2019 | MTD | continued preparation for confirmation/dismissal hearing | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | V |
| 210 | 8/23/2019 | S/R/Disp. | issues on Wheeler property, transfer of title to property, obtain deed from real property records filed in August of 2019, forward to client for review | RB | 0.40 | $375.00 | $150.00 | $120.00 | $30.00 | W |
| 211 | 8/23/2019 | PosPCC | phone conference regarding sale of property | DW | 0.20 | $125.00 | $25.00 | $20.00 | $5.00 | W |
| 212 | 8/30/2019 | S/R/Disp. | review of deeds and title to Wheeler property, transfer of property, possible fraud | RB | 0.60 | $375.00 | $225.00 | $180.00 | $45.00 | W |
| 213 | 9/3/2019 | SP | communication regarding deeds, employment status, attorney fees, and attorney communications. NC | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 214 | 9/3/2019 | S/R/Disp. | phone conference from client regarding interest in Wheeler property, communication with attorney for Rhonda Gills, and meeting with Harris County | ST | 0.20 | $150.00 | $30.00 | $24.00 | $6.00 | W |
| 215 | 9/5/2019 | S/R/Disp. | not working, issues on property sale | RB | 0.30 | $375.00 | $112.50 | $84.38 | $28.13 | V |
| 216 | 9/5/2019 | S/R/Disp. | communications regarding deeds, filing of deeds, an communication with client. NC | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 217 | 9/9/2019 | SP | communications regarding client communications. NC | ST | 0.10 | $150.00 | $15.00 | $12.00 | $3.00 | IOC/V |
| 218 | 9/9/2019 | PosPCC | conference with client on case status, ownership of property | RB | 0.20 | $375.00 | $75.00 | $60.00 | $15.00 | IOC/V |
| 219 | 9/11/2019 | SP | communications regarding trace of money orders and communications with client. NC | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 220 | 9/11/2019 | PosPCC | phone conference from client regarding status of case | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 221 | 9/12/2019 | CO/V | email communications to attorney with IRS regarding endorsed money orders | ST | 0.10 | $150.00 | $15.00 | $11.25 | $3.75 | D |
| 222 | 9/16/2019 | TC | communications to chapter 13 trustee's office regarding communications from client | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 223 | 9/16/2019 | SP | communications regarding mail from Chapter 13 trustee's office. NC | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 224 | 9/16/2019 | PosPCC | communications with client on sale of lot and case status | RB | 0.20 | $375.00 | $75.00 | $60.00 | $15.00 | W |
| 225 | 10/4/2019 | SP | communications regarding trustee payments, status of sale of home, upcoming hearing, and possible amended plan. NC | ST | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 226 | 10/7/2019 | PosPCC | phone conference to client regarding status of trustee payments, proof of payments, income, expenses, upcoming hearing, attendance at hearing, and employment status | ST | 0.20 | $150.00 | $30.00 | $22.50 | $7.50 | D |
| 227 | 10/7/2019 | SP | communications regarding trustee payments and possible amended plan. NC | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 228 | 10/8/2019 | SP | communications regarding trustee payments, upcoming hearing, and possible amendments. NC | ST | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 229 | 10/8/2019 | CH | communication and emails regarding trustee payments and confirmation/dismissal hearing | NPL | 0.30 | $325.00 | $97.50 | $73.13 | $24.38 | D |
| 230 | 10/9/2019 | SP | communications regarding amended plan, trustee payments, and client communications. NC | ST | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 231 | 10/10/2019 | CH | telephone conference with client regarding trustee payments, income, and hearing (.3); communication and notes regarding events affecting title and sale of wheeler property, status of case, trustee payments (.3) | NPL | 0.60 | $325.00 | $195.00 | $156.00 | $39.00 | W |
| 232 | 10/10/2019 | CH | communications with R Kinchloe on status for Friday, review of status of deed and payment issues for hearing (.4) | RB | 0.40 | $375.00 | $150.00 | $112.50 | $37.50 | D |
| 233 | 10/10/2019 | CH | planning for hearing, conf with client, conf with chapter 13 trustee, communication with attorney for IRS | RB | 0.60 | $375.00 | $225.00 | $168.75 | $56.25 | D |
| 234 | 10/11/2019 | CH | prepare and attend hearing (.9); review of issues for possible refiling (.3) | RB | 1.20 | $375.00 | $450.00 | $337.50 | $112.50 | D |
| 235 | 10/21/2019 | Fee Prep. | prepared all documentation for filing fee application and prepared prelim notes | TJC | 3.00 | $125.00 | $375.00 | $375.00 | $0.00 | ND |
| 236 | 10/21/2019 | Fee Prep. | reviewed and approved all documentation for filing fee application and made changes to notes | RB | 1.00 | $375.00 | $375.00 | $375.00 | $0.00 | ND |
| 237 | — | Invoice 1 Total | — | — | | | $0.00 | $0.00 | $0.00 | N/A |
| 238 | 9/14/2018 | Adv. | review of truck lease, issues with truck lease | RB | 0.40 | $375.00 | $150.00 | $150.00 | $0.00 | ND |
| 239 | 9/19/2018 | Adv. | telephonic communication to creditor to obtain status on release of vehicle | YL | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | ND |
| 240 | 9/20/2018 | Adv. | prepared demand letter; electronic communication to client regarding return of collateral; sent by U.S. mail as well. 47 cents | YL | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | ND |
| 241 | 9/25/2018 | Adv. | truck not returned, review of letter, actions needed for failure to return truck | RB | 0.60 | $375.00 | $225.00 | $225.00 | $0.00 | ND |
| 242 | 9/26/2018 | Adv. | review of truck lease and related documents (.3); telephone conference with client regarding creditors failure to return truck (.3); preparation of adversary complaint for turnover and damages and order for turnover (1.5) | NPL | 2.10 | $325.00 | $682.50 | $682.50 | $0.00 | ND |
| 243 | 9/28/2018 | Adv. | emails and telephone conference with client regarding adversary complaint for turnover of property | NPL | 0.40 | $325.00 | $130.00 | $130.00 | $0.00 | ND |
| 244 | 9/28/2018 | Adv. | prepare shell of complaint/order (.5), search for OTR Leasing LLC registered agent (.3). | AC | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |

| | | Glossary | | Attorneys | | Task Description | |
|---|---|---|---|---|---|---|---|
| | IOC/V | Interoffice communications, vague; reduced by 20 % | SLK | Kapp, Sonya L. | PrePCC | Pre-Petition Client Consultation | |
| | V&E | Vague and excessive, reduced by 25 % | NPL | Lopez-Pagan, Nikie | SP | Schedules, Plan | |
| | D | Duplicate work, reduced by 25 % | YL | Lila, Yesenia | TC | Trustee Contact | |
| | L/V | Lumped and/or vague, reduced by 25% | KW | Wright, Katherine | CM 341 | Creditors Meeting/341 | |
| | R | Redundant work, reduced by 25% | TJC | Chandler, Tammy J | OTC | Objection to Confirmation | |
| | W | Wheeler claims, reduced by 20% | RB | Baker, Reese | PosPCC | Post-Petition Client Consultation | |
| | U/E | Unnecessary and/or excessive, reduced by 25% | DW | Wright, Dee | Amend. | Amendments | |
| | ND | No deduction | ST | Taylor, Susanne | CO/V | Claim Objections/Valuations | |
| | V | Vague, reduced by 25% | GM | Martinez, Gabby | CH | Confirmation Hearing | |
| | | | AC | Cruz, Alfredo | CC | Creditor Contact | |
| | | | KR | Rose, Karen | POC Rev. | Proof of Claim Review | |
| | | | | | MTD | Motion to Dismiss | |
| | | | | | S/R/Disp. | Sale/Refinancing/Disp. of Assets | |
| | | | | | Fee Prep. | Fee Application Preparation | |
| | | | | | Adv. | Adversary | |

| Entries | Date | Description | Detailed Description | Atty | Hours | Rate | Total | Allowed | Deducted | Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| 245 | 10/1/2018 | Adv. | meeting regarding additional facts about contacts with creditor regarding return of collateral after bankruptcy filing (.2); further draft adversary complaint to add additional facts (.2) | NPL | 0.40 | $325.00 | $130.00 | $130.00 | $0.00 | ND |
| 246 | 10/1/2018 | Adv. | review of complaint and order | RB | 0.50 | $375.00 | $187.50 | $187.50 | $0.00 | ND |
| 247 | 10/2/2018 | Adv. | telephone conference with client regarding additional details of process of acquiring truck (.4); meeting regarding communications with creditor for release of truck (.2); emails regarding creditor communications and change to complaint (.2); further drafting complaint for turnover property and damages (.90); preparation motion for emergency hearing on turnover and proposed order (.80) | NPL | 2.50 | $325.00 | $812.50 | $812.50 | $0.00 | ND |
| 248 | 10/2/2018 | Adv. | telephonic communication client regarding fax tone sent over to him | YL | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 249 | 10/2/2018 | Adv. | looked up information on calls and faxes sent to creditors | YL | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 250 | 10/2/2018 | Adv. | update to motion for turnover certificate of service | AC | 0.20 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 251 | 10/3/2018 | Adv. | meeting regarding final review of adversary complaint for turnover, motion for emergency hearing and proposed order (.8); emails regarding complaint (.2) | NPL | 1.00 | $325.00 | $325.00 | $325.00 | $0.00 | ND |
| 252 | 10/3/2018 | Adv. | review of complaint and emergency motion, finalize | RB | 0.50 | $375.00 | $187.50 | $187.50 | $0.00 | ND |
| 253 | 10/4/2018 | Adv. | call to creditor to obtain email information for communication purposes | YL | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | ND |
| 254 | 10/4/2018 | Adv. | telephone conference with client regarding additional details on complaint | NPL | 0.30 | $325.00 | $97.50 | $97.50 | $0.00 | ND |
| 255 | 10/4/2018 | Adv. | multiple telephone conferences, emails and fax to/with client regarding motion for turnover (.3); communication regarding same (.1); open and file adversary case (.3); file motion/order for turnover (.2); serve copies of adversary and motion/order for turn over on defendants (.2); email Judge Isgur case manager for request for hearing (.2) | AC | 1.30 | $150.00 | $195.00 | $195.00 | $0.00 | ND |
| 256 | 10/5/2018 | Adv. | mailed emergency motion for hearing and OTR learning and the corporation company by regular mail | KW | 0.30 | $125.00 | $37.50 | $37.50 | $0.00 | ND |
| 257 | 10/8/2018 | Adv. | return telephone call from Jessica Hudson; left voicemail | NPL | 0.10 | $325.00 | $32.50 | $32.50 | $0.00 | ND |
| 258 | 10/9/2018 | Adv. | telephone call from Court to schedule an emergency hearing (.1); telephone call with client regarding emergency hearing (.2); telephone call with counsel for creditor regarding turnover of truck and hearing (.3) | NPL | 0.60 | $325.00 | $195.00 | $195.00 | $0.00 | ND |
| 259 | 10/9/2018 | Adv. | prepare notice of hearing on the emergency motion for hearing and request to shorten notice on complaint for turnover and damages (.3); file notice (.1); serve notice on defendant by fax, email, telephone, and mail (.5) | AC | 0.90 | $150.00 | $135.00 | $135.00 | $0.00 | ND |
| 260 | 10/10/2018 | Adv. | created witness list, served witness list, filed witness list | YL | 1.00 | $100.00 | $100.00 | $100.00 | $0.00 | ND |
| 261 | 10/10/2018 | Adv. | planning for hearing on OTR turnover, attend hearing, settlement discussions | RB | 1.40 | $375.00 | $525.00 | $525.00 | $0.00 | ND |
| 262 | 10/10/2018 | Adv. | telephone conferences with attorney for OTR learning regarding exhibits and turnover of property (.4); review witness and exhibit list and emails regarding these documents (.4); telephone calls to client regarding hearing (.2); attend emergency hearing to take exhibit books to Reese Baker, Esq (.7) | NPL | 1.70 | $325.00 | $552.50 | $552.50 | $0.00 | ND |
| 263 | 10/15/2018 | Adv. | telephone conference with client regarding trustee payment and facts adversary complaint a scheduled hearing (.5); email regarding these matters (.2) | NPL | 0.70 | $325.00 | $227.50 | $227.50 | $0.00 | ND |
| 264 | 10/15/2018 | Adv. | review and planning on issues, activities for truck; purchase vs lease issues | RB | 0.50 | $375.00 | $187.50 | $187.50 | $0.00 | ND |
| 265 | 10/15/2018 | Adv. | communications with client regarding upcoming hearing, attendance at hearing, and meeting of creditor; communications with Chapter 13 Trustee's office regarding two notices of creditor meetings and correct notice | ST | 0.30 | $150.00 | $45.00 | $45.00 | $0.00 | ND |
| 266 | 10/16/2018 | Adv. | prepare and attend hearing on truck | RB | 1.10 | $375.00 | $412.50 | $412.50 | $0.00 | ND |
| 267 | 10/16/2018 | Adv. | two telephone conference with opposing counsel regarding creditors requirements for giving the ruck back to debtor (.6); telephone calls to client to client to discuss creditor's requests, left voicemails (.2); telephone conference with client to discuss settlement terms proposed by OTR learning prior to OTR hearing scheduled for today (.4); emails regarding creditors settlement proposal and response (.3) | NPL | 1.50 | $325.00 | $487.50 | $487.50 | $0.00 | ND |
| 268 | 11/13/2018 | Adv. | emails regarding intention of client regarding adversary case | NPL | 0.30 | $325.00 | $97.50 | $97.50 | $0.00 | ND |
| 269 | 11/16/2018 | Adv. | telephone call with opposing counsel for OTR regarding possible joint motion for voluntary dismissal of adversary case | NPL | 0.20 | $325.00 | $65.00 | $65.00 | $0.00 | ND |
| 270 | 12/3/2018 | Adv. | per conversation with client, prepare of joint motion for dismissal of adversary complaint for turnover and damages and proposed order | NPL | 0.60 | $325.00 | $195.00 | $195.00 | $0.00 | ND |
| 271 | 12/5/2018 | Adv. | emails regarding stipulation for dismissal of adversary complaint against OTR learning (.3); telephone conference with client regarding review and approval of stipulation to be filed (.2) | NPL | 0.50 | $325.00 | $162.50 | $162.50 | $0.00 | ND |
| 272 | 12/7/2018 | Adv. | emails regarding stipulation for voluntary dismissal of adversary case | NPL | 0.20 | $325.00 | $65.00 | $65.00 | $0.00 | ND |
| 273 | 12/7/2018 | Adv. | file agreed stipulation | AC | 0.10 | $0.00 | $0.00 | $0.00 | $0.00 | N/A |
| 274 | 12/10/2018 | Adv. | phone conference with attorney for OTC regarding statute of dismissal of adversary | ST | 0.10 | $150.00 | $15.00 | $15.00 | $0.00 | ND |
| 275 | 12/11/2018 | Adv. | review adversary case docket and Judge's calendar to see status in preparation of hearing previously scheduled for tomorrow | NPL | 0.10 | $325.00 | $32.50 | $32.50 | $0.00 | ND |
| 276 | 12/11/2018 | Adv. | continued review of offer and compromise, lien release, and amounts owed | ST | 0.20 | $150.00 | $30.00 | $30.00 | $0.00 | ND |
| | Initial Totals | | | | 155.5 | | $  40,205.50 | $   32,943.50 | $   7,262.00 | |
| | Amount Paid | | | | | | $800.00 | | | |
| | Invoice Total | | | | | | $32,143.50 | | | |
| | Expenses | | | | | | $465.34 | | | |
| | Grand Total | | | | | | $32,608.84 | | | |